1    DAVID M. GOODRICH, #208675
     dgoodrich@marshackhays.com
2    CHAD V. HAES, #267221
     chaes@marshackhays.com
3    MARSHACK HAYS LLP
     870 Roosevelt Avenue
4    Irvine, California 92620
     Telephone:  (949) 333-7777
5    Facsimile:  (949) 333-7778

6    Attorneys for Chapter 7 Trustee,
     RICHARD A. MARSHACK

7

8                    UNITED STATES BANKRUPTCY COURT

9           CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10

11   In re                              Case No.  8:11-bk-20448-CB

12   YAN SUI,                           Chapter  7

13              Debtor.                 TRUSTEE'S NOTICE OF MOTION AND
                                        MOTION FOR: (1) PRE-FILING ORDER; AND
14                                      (2) ORDER REQUIRING LEAVE TO SUE
                                        TRUSTEE RICHARD A. MARSHACK AND
15                                      HIS PROFESSIONALS; AND DECLARATION
                                        OF DAVID M. GOODRICH IN SUPPORT
16                                      THEREOF

17                                      Date:   November 12, 2013
                                        Time:  2:30 p.m.
18                                      Ctrm:  5D

19                                      [REQUEST FOR JUDICIAL NOTICE FILED
                                        CONCURRENTLY HEREWITH]
20

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

                                        1

TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on November 12, 2013, at 2:30 p.m. in Courtroom 5D, or as soon thereafter as the matters may be heard, the United States Bankruptcy Court will conduct a hearing on the Motion for: (1) Order Deeming Yan Sui ("Debtor") and Pei-Yu Yang ("Yang") Vexatious Litigants; (2) Pre-Filing Order; and (3) Order to Require Leave to Sue Trustee Richard A. Marshack ("Trustee") and His Professionals ("Motion"), filed by the Trustee.

The Motion is based upon this Notice, the Motion and attached the Memorandum of Points and Authorities, the Declaration of David M. Goodrich filed with the Motion, all pleadings, papers, and records filed or to be filed with this Court, and on such other evidence, oral or documentary, as may be presented to this Court at the time of the hearing on the Motion. A complete copy of the Motion and Declaration may be obtained from the Clerk of the Bankruptcy Court or by contacting the Trustee's attorney by e-mail at dgoodrich@marshackhays.com and chaes@marshackhays.com.

PLEASE TAKE FURTHER NOTICE that any opposition to the Motion must be in the form as required by Local Bankruptcy Rule 9013-1(f) and filed with the Clerk of the above-entitled Court no later than fourteen (14) days prior to the hearing date set forth above, and a copy served on Marshack Hays LLP to the attention of David M. Goodrich and Chad V. Haes at the address indicated above. A copy of any opposition must also be served on the Office of The United States Trustee, 411 West Fourth Street, Suite 9041, Santa Ana, CA 92701.

Failure to timely respond may be deemed as acceptance of the proposed relief and the Court may grant the relief requested in the Motion without further notice or hearing. *See,* Local Bankruptcy Rule 9013-1(h).

DATED: September 30, 2013                      MARSHACK HAYS LLP

By: */s/ David M. Goodrich*
DAVID M. GOODRICH
Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

TABLE OF CONTENTS

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 3

1.  INTRODUCTION ............................................................................................ 3

2.  FACTS …….. ...................................................................................................... 3

    A.  Pre-Petition Actions/Filings ................................................................. 3

    B.  Post-Petition Actions/Filings (Bankruptcy-Related) ...................... 5

    C.  Post-Petition Actions/Filings (Non-Bankruptcy) ......................... 10

    D.  State Court Finding that Debtor is Vexatious Litigant ................. 11

    E.  Threats to Sue the Trustee and His Counsel and Lawsuit Against
        Trustee's Counsel ................................................................................. 12

3.  ARGUMENT  ................................................................................................... 12

    A.  Debtor is a Vexatious Litigant  ......................................................... 12

    B.  The Court Should Enter a Pre-Filing Order ................................... 13

        i.   Notice ........................................................................................... 14

        ii.  Prior Filings ................................................................................ 14

        iii. Frivolous or Harassing Nature of Prior Filings .................. 15

        iv.  Narrowly Tailored Order  ........................................................ 16

    C.  The Court Should Enter an Order Requiring Leave before the
        Sui Litigants May Sue the Trustee and His Professionals ........... 17

        i.   The Barton Doctrine Provides Quasi Immunity to the
            Trustee and His Professionals  ................................................ 17

        ii.  The Court May Issue Any Necessary Order Appropriate to
            Carry Out the Provisions of the Bankruptcy Code ............. 18

        iii. The Barton Doctrine's Limitations Should Be Extended to this
            Bankruptcy Case and Any Related Proceedings ................. 19

4.  CONCLUSION .................................................................................................. 20

DECLARATION OF DAVID M. GOODRICH .................................................... 1

## TABLE OF AUTHORITIES

Cases

*Barton v. Barbour,*
 1104 U.S. 126 (1881) ........................................................................................ 17

*Bashkin v. Hickman,*
 411 FedAppx. 998 (9th Cir. 2011) .................................................................... 13

*Beste v. Lewin,*
 488 B.R. 663, 672 (N.D. Cal. 2012) ................................................................. 13

*Carmona v. Carmona,*
 544 F.3d 988, 995 (9th Cir. Nev. 2008) ............................................................ 13

*Crown Vantage, Inc.,*
 21 F.3d 963 (9th Cir. 2005) .............................................................................. 17

*DeLong v. Hennessey,*
 912 F.2d 1144, 1147-48 (9th Cir. 1990) ........................................................... 14

*DeLong,*
 912 F.2d at 1146-47 ......................................................................................... 14

*DeLong,*
 912 F.2d at 1147-49 ......................................................................................... 14

*DeLong,*
 912 F.2d at 1148 ............................................................................................... 15

*District of Columbia Court of Appeals v. Feldman,*
 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) .................................. 13

*Exxon Mobil Corp. v. Saudi Basic Indust. Corp.,*
 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) ........................ 13

*Gabor v. County of Santa Clara Bd. Of Supervisors,*
 2008 WL 902407, at *7 (N.D. Cal. 2008) ......................................................... 15

*In re Harris,*
 590 F.3d 730, 742 (9th Cir. 2009) .................................................................... 18

*Kougasian v. TMSL, Inc.,*
 359 F.3d 1136, 1139 (9th Cir. 2004) ................................................................ 13

*Lakusta v. Evans (In re Lakusta),*
 2007 WL 2255230, at *1 (N.D. Cal. 2007) ....................................................... 13

*In re Linton,*
 136 F.3d 544, 545 (7th Cir. 1998) .................................................................... 17

*In re McCarthy (unpublished),*
 2008 WL 8448338, at *17 (9th Cir. BAP 2008) ............................................... 14

*McCarthy,*
 2008 WL, at *18 .............................................................................................. 15

147758v1/1015-038

# TABLE OF AUTHORITIES

*McMahon v. Pier 39 Ltd. Partnership,*
    2003 WL 22939233, at *8 (N.D.Cal. 2003) ........................... 15

*Molski v. Evergreen Dynasty Corp.,*
    500 F.3d 1047, 1058 (9th Cir. 2007) ........................... 14

*Molski,*
    500 F.3d at 1059 ........................... 15

*Moy v. United States,*
    906 F.2d 467, 469 (9th Cir. 1990) ........................... 14

*Noel,*
    341 F.3d at 1155 ........................... 13

*Noel,*
    341 F.3d at 1162-64 ........................... 13

*O'Louglin v. Doe,*
    920 F.2d 614, 616 (9th Cir. 1990) ........................... 14

*Rooker v. Fidelity Trust Co.,*
    263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) ........................... 13

*Weissman v. Quail Lodge, Inc.,*
    179 F.3d 1194, 1197 (9th Cir. 1999) ........................... 14

Statutes

11 U.S.C. § 105(a) and 28 U.S.C. § 1651(a) ........................... 13

11 U.S.C. §105(a) ...........................18, 19

28 U.S.C. § 1257 ........................... 13

28 U.S.C. § 1728 ...........................12, 13

California Code of Civil Procedure § 391.1 ........................... 11

Section 1257 ........................... 13

Other

*In re Yan Sui,*
    United States Bankruptcy Court, Central District of California,
    Chapter 7 Case No. 8:11-20448-CB ........................... 5, 7

*In re Yan Sui, Marshack v. Yang,*
    United States Bankruptcy Court, Central District of California,
    Adversary Case No. 11-1356 ........................... 6, 7

147758v1/1015-038

# TABLE OF AUTHORITIES

*In re Yan Sui, Marshack v. Yang,*
    United States Bankruptcy Court, Central District of California,
    Adversary Case No. 13-1246 ........................................................ 9, 10

*In re Yan Sui, Marshack v. Yang,*
    United States Court of Appeals for the Ninth Circuit, Case No. 13-55956 ............... 9

*In re Yan Sui, Marshack v. Yang,*
    United States District Court, Central District of California, Case No. 12-1501 ........ 6

*In re Yan Sui, Sui v. Goodrich,*
    United States Bankruptcy Court, Central District of California,
    Adversary Case No. 12-01961 ...................................................... 8, 9

*In re Yan Sui, Sui v. Goodrich,*
    United States Court of Appeals for the Ninth Circuit, Case No. 13-55879 .............. 9

*In re Yan Sui, Sui v. Marshack,*
    United States Bankruptcy Appellate Panel for the Ninth Circuit ("BAP"),
    Case No.s 12-1223, 12-1366, and 12-1367 ............................................ 6

*In re Yan Sui, Sui v. Marshack,*
    United States Bankruptcy Appellate Panel for the Ninth Circuit, Case No. 12-1408 .... 8

*In re Yan Sui, Sui v. Marshack,*
    United States Court of Appeals for the Ninth Circuit,
    Case No.s 13-60068, 13-60069, and 13-60070 ........................................ 6

*In re Yan Sui, Sui v. Marshack,*
    United States Court of Appeals for the Ninth Circuit, Case No. 13-60020 ............. 8

*In Yan Sui v. Superior Court of California, County of Orange,*
    California Court of Appeals, Fourth District, Division 3 Case No. G043858 ........... 4

*Yan Sui v. Matteau,*
    Orange County Superior Court Case No. 05HL03448 .................................. 5

*Yan Sui v. Price, et al.,*
    California Court of Appeals, Fourth District, Division 3 Case No. G043701 ........... 4

*Yan Sui v. Stephen D. Price, et al.*
    Orange County Superior Court Case No. 30-2012-00592626 ........................... 12

*Yan Sui v. Steve D. Price, et al.,*
    California Court of Appeals, Fourth District, Division 3 Case No. G044185 ........... 4

*Yan Sui v. Steve D. Price, et al.,*
    Orange County Superior Court Case No. 30-2010-00353446-CU-CJC ................... 4

*Yan Sui v. Steve D. Price, et al.,*
    Orange County Superior Court Case No. 30-2010-00395852 ........................... 5

*Yan Sui v. Superior Court of California,*
    County of Orange, California Court of Appeals, Fourth District,
    Division 3 Case No. G045217 ...................................................... 4

147758v1/1015-038

# TABLE OF AUTHORITIES

*Yan Sui v. Superior Court of California, County of Orange,*
 California Court of Appeals, Fourth District, Division 3 Case No. G043750 ......................... 4

*Yan Sui v. Tan,*
 California Court of Appeals, Fourth District, Division 3 Case No. G042548 ......................... 4

*Yan Sui, et al. v. 2176 Pacific Homeowners Association, et al.,*
 United States Court of Appeals for the Ninth Circuit, Case No. 12-56935............................ 11

*Yan Sui, et al. v. 2176 Pacific Homeowners Association, et al.,*
 United States Court of Appeals for the Ninth Circuit, Case No. 13-56181............................ 11

*Yan Sui, et al. v. Pacific Homeowners Association and Stephen D. Price,*
 United States District Court, Central District of California, Case
 No. SACV11-01340 JAK-AJW ................................................................. 4

*Yan Sui, et al. v. Richard Rodrigues, et al.,*
 United States District Court, Central District of California,
 Case No. SACV10-01973 JAK-AJW ............................................................ 5

*Yan Sui, et al. v. Southside Towing, et al.,*
 United States Court of Appeals for the Ninth Circuit, Case No. 12-557046 ......................... 11

*Yan Sui, et al. v. Southside Towing, et al.,*
 United States Court of Appeals for the Ninth Circuit, Case No. 12-56313............................ 11

*Yan Sui, et al. v. Steve D. Price, et al.,*
 Orange County Superior Court Case No. 30-2009-000329341 ................................. 3

*Yan Sui, et al. v. Steve D. Price, et al.,*
 Orange County Superior Court Case No. 30-2010-00342510-CU-CJC ................................. 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

147758v1/1015-038

MEMORANDUM OF POINTS AND AUTHORITIES

1.    <u>INTRODUCTION</u>

Debtor, Yan Sui ("Debtor") and his wife Pei-Yu Yang ("Yang") (collectively, the "Sui Litigants") have filed over 30 meritless pleadings, actions and appeals, nearly all of which have been decided against them.  The Sui Litigants' numerous filings, most of them unnecessarily duplicative and wholly without merit, constitute a flagrant abuse of the judicial process.  The endless stream of meritless and repetitive papers is draining valuable resources of the estate.  These pleadings clearly display the Sui Litigants' intent to harass, especially considering that they have obtained no meaningful rulings in their favor and that Debtor has already been sanctioned on multiple occasions.  Moreover, Debtor has repeatedly threatened to sue the Trustee and his professionals in response to the Trustee's performance of relatively routine activities.  The Court has ample justification to enter a pre-filing order against the Sui Litigants.  In addition, the Trustee requests an order under §105 requiring the Sui Litigants to obtain leave of this Court before filing suit against the Trustee and his professionals in any venue, including this Court.

2.    <u>FACTS</u>

A.    <u>Pre-Petition Actions/Filings</u>

Prior to commencing the instant bankruptcy proceeding, the Sui Litigants had extensive involvement in multiple state court actions (and related appeals) involving disputes with their HOA and other third parties.  Movant requests that the Court take judicial notice of the following 13 cases/appeals adjudicated adversely to the Sui Litigants, which they initiated in the past seven years:

1.    *Yan Sui, et al. v. Steve D. Price, et al.*, Orange County Superior Court Case No. 30-2009-000329341, filed on December 18, 2009, and dismissed August 17, 2012.  *See*, Request for Judicial Notice ("RJN"), Exhibit 1.  This case was settled by the Trustee post-petition (and subsequently dismissed) pursuant to the Trustee's Motion for Approval of Compromise.  RJN, Exhibit 33.  The Trustee determined that this case lacked merit and subjected the bankruptcy estate to liability for malicious prosecution.  *See*, Declaration of David M. Goodrich ("Goodrich Declaration"), filed herewith, ¶ 4.

3

2.      *Yan Sui, et al. v. Pacific Homeowners Association and Stephen D. Price*, United States District Court, Central District of California, Case No. SACV11-01340 JAK-AJW, filed on September 6, 2011, judgment ordered in favor of defendants Price and 2176 Pacific Homeowners Association on October 16, 2012.  RJN, Exhibit 2.

3.      *Yan Sui v. Superior Court of California, County of Orange*, California Court of Appeals, Fourth District, Division 3 Case No. G045217, Petition for Writ of Mandate on May 10, 2011, denied on June 2, 2011. RJN, Exhibit 3.

4.      *Yan Sui v. Steve D. Price, et al.*, California Court of Appeals, Fourth District, Division 3 Case No. G044185, appeal filed on September 10, 2010, judgment in favor of respondent, and awarded costs on appeal.  RJN, Exhibit 4.

5.      *Yan Sui v. Steve D. Price, et al.*, Orange County Superior Court Case No. 30-2010-00353446-CU-CJC, filed on March 3, 2010, judgment ordered in favor of defendants Price and 2176 Pacific Homeowners Association on September 1, 2010, after the court's ruling sustaining defendants' Demurrer without leave to amend.  RJN, Exhibits 5-6.

6.      *Yan Sui v. Superior Court of California, County of Orange*, California Court of Appeals, Fourth District, Division 3 Case No. G043858, Petition for Writ of Mandate on June 30, 2010, denied on July 8, 2010. RJN, Exhibits 7-8.

7.      *Yan Sui v. Superior Court of California, County of Orange*, California Court of Appeals, Fourth District, Division 3 Case No. G043750, Petition for Writ of Mandate on June 9, 2010, denied on July 1, 2010. RJN, Exhibit 9.

8.      *Yan Sui v. Price, et al.*, California Court of Appeals, Fourth District, Division 3 Case No. G043701, appeal filed on May 26, 2010, and dismissed on June 25, 2010, as the appeal was determined to be taken from a non-appealable order.  RJN, Exhibit 10.

9.      *Yan Sui v. Tan*, California Court of Appeals, Fourth District, Division 3 Case No. G042548, appeal filed on September 2, 2009, judgment in favor of respondent, and award of sanctions against appellant affirmed on July 26, 2010.  RJN, Exhibits 11-12.

10.      *Yan Sui, et al. v. Steve D. Price, et al.*, Orange County Superior Court Case No. 30-2010-00342510-CU-CJC, filed on February 5, 2010, defendants' Demurrer to all of Debtors

4

1    causes of action contained in the First Amended Complaint sustained without leave to amend on

2    October 22, 2010.  Motion for Reconsideration denied on December 3, 2010.  RJN, Exhibits 13-14.

3           11.    *Yan Sui, et al. v. Richard Rodrigues, et al.*, United States District Court,

4    Central District of California, Case No. SACV10-01973 JAK-AJW, filed on December 28, 2010,

5    and dismissed with prejudice on June 29, 2012.  RJN, Exhibit 15.

6           12.    *Yan Sui v. Matteau*, Orange County Superior Court Case No. 05HL03448,

7    filed on August 19, 2005, and then dismissed by Debtor without prejudice.  Following the dismissal,

8    Debtor filed a Motion for Reconsideration and "Motion for New Trial," when, in fact, there was no

9    trial.  Sanctions were awarded against Debtor by Commissioner Pacheco.  RJN, Exhibit 16.

10          13.    *Yan Sui v. Steve D. Price, et al.*, Orange County Superior Court Case No. 30-

11   2010-00395852, filed on August 3, 2010, and then dismissed by Debtor's bankruptcy trustee with

12   prejudice on June 8, 2012.  RJN, Exhibit 17.  This case was settled by the Trustee post-petition (and

13   subsequently dismissed) pursuant to the Trustee's Motion for Approval of Compromise.  RJN,

14   Exhibit 33.  The Trustee determined that this case lacked merit and subjected the bankruptcy estate

15   to liability for malicious prosecution.  *See*, Goodrich Declaration, ¶ 5.

16          B.    Post-Petition Actions/Filings (Bankruptcy-Related)

17          The Sui Litigants have filed numerous meritless and repetitive papers and appeals

18   post-petition.  Nearly all post-petition bankruptcy-related matters have been decided against the Sui

19   Litigants.  The few matters that have not been adjudicated against them are still pending on appeal.

20   Movant requests that the Court take judicial notice of the following 14 post-petition motions, cases,

21   and appeals filed by the Debtor and/or Yang in pro per:

22          1.    *In re Yan Sui*, United States Bankruptcy Court, Central District of California,

23   Chapter 7 Case No. 8:11-20448-CB filed on July 27, 2011, subsequently converted to Chapter 13 on

24   January 30, 2012.  RJN, Exhibit 18.

25          2.    *In re Yan Sui*, Debtor's first and second motions to dismiss his Chapter 13

26   case (Docket No.s 26 and 35), filed on September 19, 2011, and October 11, 2011. RJN, Exhibit 19-

27   20.  Debtor's first motion to dismiss filed on September 19, 2011, sought dismissal of the

28   bankruptcy on the grounds that the Bankruptcy Court lacked jurisdiction because there were no

144210v1/1015-038

creditors of the estate.  The motion further alleged that the Trustee and his counsel were

misrepresenting facts and motivated by financial gain to keep the bankruptcy case and a related

adversary proceedings open.  Prior to any hearing on the first motion, Debtor filed a second motion

to dismiss his bankruptcy case on October 11, 2011, containing the same allegations as the first and

setting the matter for hearing.  The motions to dismiss were denied and Debtor's case was re-

converted to one under Chapter 7 pursuant to order entered November 7, 2011.  RJN, Exhibit 21.

    3.    *In re Yan Sui*, Debtor's motion for reconsideration (Docket No. 53), filed on

November 8, 2011.  Debtor sought reconsideration of the order denying his motion to dismiss and

converting his case.  RJN, Exhibit 22.  The reconsideration motion alleged, once again, that the

Trustee was misrepresenting facts and that the estate had no creditors.  The motion was denied

pursuant to order entered December 1, 2011.  RJN, Exhibit 23.

    4.    *In re Yan Sui*, *Sui v. Marshack*, United States Bankruptcy Appellate Panel for

the Ninth Circuit ("BAP"), Case No.s 12-1223, 12-1366, and 12-1367, filed April 26, 2012, related

appeals from Bankruptcy Court orders re-converting Debtor's Chapter 13 case to one under Chapter

7 and allowing administrative claims.  In his appellate brief, Debtor argued that: (1) there were no

creditors of the estate; (2) the fees of the Trustee and his counsel were duplicative, unreasonable and

unlawful; and (3) that the Trustee and his counsel misrepresented material facts.  RJN, Ex. 24.  After

oral argument, the BAP affirmed the Bankruptcy Court's re-conversion of Debtor's Chapter 13 case,

dismissed the appeals of the fee orders as interlocutory, and terminated the appeals on April 4, 2013.

RJN, Ex. 25.

    5.    *In re Yan Sui*, *Sui v. Marshack*, United States Court of Appeals for the Ninth

Circuit, Case No.s 13-60068, 13-60069, and 13-60070, appeals filed February 22, 2013, appeals

from BAP order affirming denial Debtor's motion to dismiss, re-converting Debtor's Chapter 13

case to one under Chapter 7, and dismissing the appeals of the fee orders.  Debtor's opening brief to

the Ninth Circuit Court set forth the same arguments as the appeal to the BAP.  These appeals are

still pending.  RJN, Ex. 26.

    6.    *In re Yan Sui*, *Marshack v. Yang*, United States Bankruptcy Court, Central

District of California, Adversary Case No. 11-1356, filed August 22, 2011, seeking recovery of

fraudulent transfer of real property to Yang.  Yang filed a motion to dismiss the Trustee's complaint

arguing that: (1) the Bankruptcy Court lacks jurisdiction because there were no creditors of the

estate; and (2) Yang is not responsible for the debts of the Debtor.  RJN, Ex. 27.  Yang's motion to

dismiss was denied pursuant to the Court's order entered on September 13, 2012.  RJN, Ex. 28.

7.    *In re Yan Sui*, *Marshack v. Yang*, United States District Court, Central District

of California, Case No. 12-1501, filed September 7, 2012, appeal from Bankruptcy Court order

denying Yang's motion to dismiss the Trustee's complaint seeking to recover a fraudulent transfer of

real property.  Yang appealed to the Ninth Circuit BAP arguing, among other things, that: (1) the

Trustee failed to prove that Debtor and Yang were legally married; (2) the Bankruptcy Court lacked

jurisdiction because there were no creditors of the estate; (3) the Trustee and his counsel are

motivated only by monetary gain; and (4) the Honorable Catherine E. Bauer is a blood relative of a

third-party adversarial to the Debtor in several state court actions.  RJN, Ex. 33.  The appeal was

terminated on April 18, 2013, pursuant to the District Court order affirming the Bankruptcy Court.

RJN, Ex. 30.

8.    *In re Yan Sui*, *Marshack v. Yang*, United States Bankruptcy Court, Central

District of California, Adversary Case No. 11-1356, filed August 20, 2013.  Yang filed a second

motion to dismiss the Trustee's complaint arguing that: (1) the Bankruptcy Court lacks jurisdiction

because there were no creditors of the estate; (2) the complaint is invalid for lack of signature; (3)

Yang was not legally married to Debtor; and (4) the adversary is barred by the discharge injunction.

RJN, Ex. 31.  Yang's motion to dismiss is currently set for hearing on October 22, 2013.  Aside from

the meritless new discharge injunction argument, the remaining issues have all been litigated and

decided adversely to the Debtor.  A ruling in favor of the Trustee will probably result in more

appeals.

9.    *In re Yan Sui*, Debtor's opposition to the Trustee's motion for approval of

compromise of four separate pre-petition state court actions filed by Debtor and/or Yang (*See*, Case

No. 8:11-20448-CB, Docket No. 132), filed on June 27, 2012.  In opposition to the Trustee's motion,

Debtor argued that: (1) neither the Trustee nor Goodrich had standing to replace Debtor and/or Yang

in the state court actions; (2) neither the Trustee nor Goodrich had standing to compromise the state

NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER

court actions; (3) the Trustee did not consult with Debtor prior to settlement; and (4) the Trustee did not meet the *A&C Properties* elements for approval of a compromise.  RJN, Exhibit 32.  The Trustee's motion was granted over Debtor's objection pursuant to order entered on August 10, 2012 (Docket No. 151).  RJN, Exhibit 33.

　　　　10.　　*In re Yan Sui*, *Sui v. Marshack*, United States Bankruptcy Appellate Panel for the Ninth Circuit, Case No. 12-1408, filed August 13, 2012, appeal from Bankruptcy Court order granting the Trustee's motion to compromise four pre-petition state court lawsuits filed by the Debtor and/or Yang.  Debtor's appellate brief to the BAP argued that: (1) neither the Trustee nor Goodrich had standing to replace Debtor and/or Yang in the state court actions; (2) neither the Trustee nor Goodrich had standing to compromise the state court actions; (3) there were no creditors of the estate; (4) the Trustee's post-petition settlement of the state court lawsuits was unlawful and unreasonable; and (3) the Bankruptcy Court abused its discretion in approving the settlements.  RJN, Ex. 34.  The BAP dismissed the appeal as moot.  RJN, Ex. 35.

　　　　11.　　*In re Yan Sui*, *Sui v. Marshack*, United States Court of Appeals for the Ninth Circuit, Case No. 13-60020, filed February 22, 2013, appeal from BAP order dismissing Case No. 12-1408 as moot.  Debtor's appellate brief raises most of the same issues and arguments that were raised before the BAP.  This appeal is still pending.  RJN, Ex. 36.

　　　　12.　　*In re Yan Sui*, *Sui v. Goodrich*, United States Bankruptcy Court, Central District of California, Adversary Case No. 12-01961, filed on September 21, 2012, by Goodrich for purpose of removing (only as to Goodrich) a state court action filed by Debtor to Bankruptcy Court. The Debtor's state court action alleged that: (1) neither the Trustee nor Goodrich had standing to replace Debtor and/or Yang post-petition in Debtor's pre-petition state court actions; (2) Goodrich made false assertions to Debtor; (3) neither the Trustee nor Goodrich had standing to settle Debtor and/or Yang's pre-petition state court actions; (4) Goodrich committed fraud; (5) Goodrich committed conversion; (6) Goodrich committed civil conspiracy; (7) Goodrich committed intentional infliction of emotional distress; (8) Goodrich committed abuse of process; (9) Goodrich committed legal malpractice; and (10) Goodrich committed breach of fiduciary duty.  RJN, Exhibit 37.  Upon removal, Goodrich immediately moved to dismiss in the Bankruptcy Court.  Over the

8

144210v1/1015-038

Debtor's objection, the Court subsequently dismissed Debtor's underlying state court lawsuit as to Goodrich pursuant to the Court's order entered on November 19, 2012. RJN, Exhibit 38.

13.    *In re Yan Sui*, *Sui v. Goodrich*, United States District Court, Central District of California, Case No. 12-01961, filed on November 9, 2012, appeal of Bankruptcy Court order dismissing state court lawsuit (removed to Bankruptcy Court) filed by Debtor against Goodrich. Debtor appealed to the District Court, once again arguing that the Bankruptcy Court had no jurisdiction because there were no creditors of the estate. RJN, Ex. 39. Debtor also argued that the Court should have abstained from hearing the case or remanded the case to state court. *Id.* The appeal was terminated on April 29, 2013, pursuant to the District Court order affirming the Bankruptcy Court. RJN, Ex. 40.

14.    *In re Yan Sui*, *Sui v. Goodrich*, United States Court of Appeals for the Ninth Circuit, Case No. 13-55879, filed May 20, 2013, appeal from District Court order affirming dismissal of lawsuit against Goodrich. This appeal is still pending and briefs have not yet been filed. RJN, Ex. 41.

15.    *In re Yan Sui*, *Marshack v. Yang*, United States Court of Appeals for the Ninth Circuit, Case No. 13-55956, filed on May 28, 2013, appeal of District Court order adopting report and recommendation of the Bankruptcy Court granting summary judgment in favor of the Trustee. RJN, Ex. 42. Defendant Yang initially objected to the report and recommendation transmitted to the District Court arguing, among other things, that the Bankruptcy Court lacked jurisdiction because there were no creditors of the estate. Yang has since appealed the District Court order adopting the report and recommendation. The appeal is still pending and briefs have not yet been filed. RJN, Ex. 43.

16.    *In re Yan Sui*, *Marshack v. Yang*, United States Bankruptcy Court, Central District of California, Adversary Case No. 13-1246, filed July 24, 2013, seeking an order compelling sale and delivery of possession of real property. On August 20, 2013, Yang filed a motion to dismiss the Trustee's complaint arguing, inter alia, that: (1) the complaint is invalid because it was not signed by the Trustee; (2) The Trustee lacks standing because there are no creditors; (3) the complaint fails to state a claim for relief because there are no creditors; (3) Debtor and Yang were

9

1   never legally married; (4) the Bankruptcy Court lacks jurisdiction.  RJN, Ex. 44.  Yang has since

2   filed an amended motion.

3       17.    *In re Yan Sui*, *Marshack v. Yang*, United States Bankruptcy Court, Central

4   District of California, Adversary Case No. 13-1246, filed July 24, 2013.  On September 23, 2013,

5   Debtor filed a motion to intervene as defendant arguing, inter alia, that: (1) Debtor has an interest in

6   the subject real property as the "rightful owner;" (2) there are no longer any creditors; and (3) Yang

7   does not speak English and is not represented by an attorney.  RJN, Ex. 45.  The motion is currently

8   set for hearing on October 22, 2013.

9       18.    *In re Yan Sui*, *Marshack v. Yang*, United States Bankruptcy Court, Central

10  District of California, Adversary Case No. 13-1246.  On September 23, 2013, Yang filed an

11  amended motion to dismiss the Trustee's complaint making mostly the same arguments contained in

12  the initial motion.  RJN, Ex. 46.  The amended motion is currently set for hearing on October 22,

13  2013.

14      C.    Post-Petition Actions/Filings (Non-Bankruptcy)

15          The Sui Litigants continue to file meritless state court actions and appeals post-

16  petition.  Movant requests that the Court take judicial notice of the following 6 state court post-

17  petition actions and appeals filed by the Sui Litigants in pro per:

18      1.    *Yan Sui et al. v. Stephen D. Price et al.*, Case No. 30-2011-00528906, filed on

19  December 12, 2011, in the California Superior Court, County of Orange – Central Justice Center.

20  RJN, Ex. 47.  This case was settled by the Trustee post-petition (and subsequently dismissed)

21  pursuant to the Trustee's Motion for Approval of Compromise.  RJN, Exhibit 33.  The Trustee

22  determined that this case lacked merit and subjected the bankruptcy estate to liability for malicious

23  prosecution. *See*, Goodrich Declaration, ¶ 6.

24      2.    *Yan Sui et al. v. Stephen D. Price et al.*, Case No. 30-2011-00477895-CL-OR-

25  CJC, filed on May 25, 2011, as an appeal of the judgment entered in Case No. 30-2009-00329341.

26  RJN, Ex. 48.  This appeal was settled by the Trustee post-petition (and subsequently dismissed)

27  pursuant to the Trustee's Motion for Approval of Compromise.  RJN, Exhibit 33.  More specifically,

28  the resolution and dismissal of this appeal was wrapped into the settlement of the underlying case.

The Trustee determined that the underlying case lacked merit and subjected the bankruptcy estate to liability for malicious prosecution.  *See*, Goodrich Declaration, ¶ 7.

        3.        *Yan Sui*, *et al.* v. *Southside Towing*, *et al*., United States Court of Appeals for the Ninth Circuit, Case No. 12-55704, appeal filed April 17, 2012, dismissed on June 14, 2012, for lack of jurisdiction.  RJN, Ex. 49.

        4.        *Yan Sui*, *et al. v. Southside Towing*, *et al.*, United States Court of Appeals for the Ninth Circuit, Case No. 12-56313, appeal filed July 16, 2012, and still pending.  RJN, Ex. 50.

        5.        *Yan Sui*, *et al. v. 2176 Pacific Homeowners Association*, *et al*., United States Court of Appeals for the Ninth Circuit, Case No. 12-56935, appeal filed October 19, 2012, and still pending.  RJN, Ex. 51.

        6.        *Yan Sui*, *et al. v. 2176 Pacific Homeowners Association*, *et al*., United States Court of Appeals for the Ninth Circuit, Case No. 13-56181, appeal filed July 2, 2013, and still pending.  RJN, Ex. 52.

        D.        State Court Finding that Debtor is Vexatious Litigant

        On November 1, 2012, state court defendants Stephen D. Price and Michelle J. Matteau filed a Motion to Require Security by Vexatious Litigant and Motion for Pre-Filing Order (the "Vexatious Litigant Motion").  The Vexatious Litigant Motion requested, inter alia, an order requiring Debtor to post a bond under California Code of Civil Procedure § 391.1.  To obtain such an order, § 391.1 requires a showing that: (1) plaintiff is a vexatious litigant; and (2) there is no reasonable probability that plaintiff will prevail in the litigation against defendant.  On February 14, 2011, the Honorable Corey S. Cramin of the Superior Court of California, County of Orange, entered an order granting the Vexatious Litigant Motion and requiring Debtor to post a bond in the amount of $25,000.  RJN, Ex. 53.  Debtor subsequently appealed the order to the Superior Court of California, County of Orange, Appellate Division, and the Appellate Court reversed because there was insufficient proof in the record establishing the second elementary prong of § 391.1 (no reasonably probability that the plaintiff will prevail).  RJN, Ex. 54.  However, the appellate court did not reverse the state court's finding on the first prong of § 391.1 - Debtor is a vexatious litigant.  As

/ / /

1  such, the state court's finding that the Debtor is a vexatious litigant has not been reversed and the

2  Court should adopt the state court's findings.

3          E.          Threats to Sue the Trustee and His Counsel and Lawsuit Against Trustee's Counsel

4                  During the Trustee's initial post-petition investigation of potential assets of the

5  Debtor, his counsel, Mr. Goodrich, learned of the Debtor's pursuit of pre-petition litigation and

6  demanded that Debtor cease such activity.  In response, Debtor made two threats to sue the Trustee

7  and Mr. Goodrich.  *See*, Goodrich Declaration, ¶ 8; Exhibits "55" and "56."

8                  On August 21, 2012, the Debtor did in fact sue Mr. Goodrich by filing Orange

9  County Superior Court Case No. 30-2012-00592626, entitled *Yan Sui v. Stephen D. Price, et al.*  As

10 noted above, the action was removed to the Bankruptcy Court and subsequently dismissed.

11                 More recently, the Trustee, Mr. Goodrich and the proposed real estate broker for the

12 Trustee received an e-mail from the Sui Litigants advising the three parties that they "are playing an

13 unlawful legal game, it is a double-edged sword.  Make sure you won't get hurt.  Separate advice to

14 Yoshikane [proposed broker]: seek second legal opinion and don't get involved in this unlawful

15 move by Mr. Marshack."  *See*, Goodrich Declaration, ¶ 9; Exhibit "57."  The threats have continued

16 throughout this case.

17 3.      ARGUMENT

18         A.          Debtor is a Vexatious Litigant

19                 The state court finding that the Debtor is a vexatious litigant is binding on this Court

20 pursuant to the full faith and credit provision in 28 U.S.C. § 1728.

21         The Acts of legislature of any State, Territory, or Possession of the United States, or
22         copies thereof, shall be authenticated by affixing the seal of such State, Territory or
           Possession thereto.
23
           The records and judicial proceedings of any court of any such State, Territory or
24         Possession, or copies thereof, shall be proved or admitted in other courts within the
           United States and its Territories and Possessions by the attestation of the clerk and
25         seal of the court annexed, if a seal exists, together with a certificate of a judge of the
           court that the said attestation is in proper form.
26
27         Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall
28         have the same full faith and credit in every court within the United States and its
           Territories and Possessions as they have by law or usage in the courts of such State,

12

1    Territory or Possession from which they are taken.  28 U.S.C. § 1728

2    Further, under the *Rooker-Feldman* doctrine, this Court has no jurisdiction to

3    re-litigate the issue.

4    The Rooker-Feldman doctrine takes its name from two Supreme Court cases: *Rooker*
      *v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923), and *District*
5    *of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed.
      2d 206 (1983). It stands for the relatively straightforward principle that federal district
6    courts do not have jurisdiction to hear de facto appeals from state court judgments.
      *Noel*, 341 F.3d at 1155. The jurisdictional prohibition arises from a negative inference
7    drawn from 28 U.S.C. § 1257 which grants jurisdiction to review state court decisions
      in the United States Supreme Court. *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139
8    (9th Cir. 2004) (citation omitted). Because it grants jurisdiction to the Supreme Court,
      section 1257 impliedly prohibits lower federal courts from reviewing state court
9    decisions. *Id.* Stated simply, the Rooker-Feldman doctrine bars suits "brought by state
      court losers complaining of injuries caused by state-court judgments rendered before
10    the district court proceedings commenced and inviting district court review and
      rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544
11    U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). In practice, the Rooker-
      Feldman doctrine is a fairly narrow preclusion doctrine, separate and distinct from res
12    judicata and collateral estoppel. See *Noel*, 341 F.3d at 1162-64. We have previously
      explained how federal courts should distinguish a forbidden de facto appeal of a state
13    court decision that is barred by Rooker-Feldman from a suit that is barred by other
      preclusion principles. A suit brought in federal district court is a "de facto appeal"
14    forbidden by Rooker-Feldman when "a federal plaintiff asserts as a legal wrong an
15    allegedly erroneous decision by a state court, and seeks relief from a state court
      judgment based on that decision." *Carmona v. Carmona*, 544 F.3d 988, 995 (9th Cir.
16    Nev. 2008)

17

18

19    In sum, federal courts have "no jurisdiction to set aside state court rulings."  *See*,

20    *Beste v. Lewin*, 488 B.R. 663, 672 (N.D. Cal. 2012); *see*, *also*, *Bashkin v. Hickman*, 411 FedAppx.

21    998 (9th Cir. 2011) (finding that a plaintiff's challenge of state court vexatious litigant order is barred

22    by the *Rooker-Feldman* doctrine).  The state court has already deemed Debtor a vexatious litigant,

23    and that finding has not been reversed or vacated.  Thus, Debtor cannot contest the finding that he is

24    a vexatious litigant for acts taken in the state court.

25    B.    The Court Should Enter a Pre-Filing Order

26    "Bankruptcy courts have the power to regulate vexatious litigation pursuant to 11

27    U.S.C. § 105(a) and 28 U.S.C. § 1651(a)." *Lakusta v. Evans* (*In re Lakusta*), 2007 WL 2255230, at

28    *1 (N.D. Cal. 2007).  As such, this Court has authority to enter restrictive pre-filing orders against

13

NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER

144210v1/1015-038

litigants with abusive and lengthy histories of litigation.  *Id.*; *see*, *also*, *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *DeLong v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)).  A pre-filing order may enjoin a litigant from filing actions or pleadings before first meeting certain criteria, such as obtaining leave of the court.  *See*, *e.g.*, *O'Louglin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (pro se inmate required to show good cause before filing future actions); *DeLong*, 912 F.2d at 1146-47 (pro se litigant prohibited from filing pleadings in pro per without first obtaining leave of the court); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (pro se plaintiff forbidden from filing additional complaints without district court approval).

Orders restricting future filings must meet the following elements: (1) the litigant must be given notice and the opportunity to oppose the pre-filing order; (2) the order must be supported by prior filings which support a limitation on future filings; (3) the court must make substantive findings regarding the frivolous or harassing nature of the litigant's filings; and (4) the order must be narrowly tailored to remedy the litigant's particular abuses.  *DeLong*, 912 F.2d at 1147-49.  A pre-filing order may be entered even where the litigant believes genuinely and in good faith that his assertions are valid.  *In re McCarthy* (unpublished), 2008 WL 8448338, at *17 (9th Cir. BAP 2008).

i.    Notice

The Sui Litigants must be given "an opportunity to oppose the order before it [is] entered."  *DeLong*, 912 F.2d at 1147.  Here, the instant motion has been properly noticed and set for hearing.  The Sui Litigants will have the opportunity to oppose the motion both in writing and at the hearing on the motion.  This is constitutes sufficient notice.  *See*, *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007); *In re McCarthy*, 2008 WL 8448338, at *17.

ii.    Prior Filings

The record must show, "in some manner, that the litigant's activities were numerous or abusive."  *McCarthy*, 2008 WL, at *17 (*citing*, *DeLong*, 912 F.2d at 1147).  Here, the record consists of the Sui Litigants' litigation activities and resultant court orders in: (1) pre-petition state court litigation and related appeals; (2) post-petition bankruptcy litigation and related appeals; and (3) post-petition non-bankruptcy litigation.  In all, the record indicates that, since late 2009, the Sui

14

Litigants have filed over 30 meritless actions, appeals and motions.  The filings do not always

address the same issues.  Nevertheless, the Sui Litigants continue to allege the same facts and repeat

the same meritless legal arguments over and over.  The record also establishes that the Sui Litigants'

conduct in the instant bankruptcy proceeding and related adversary proceedings is not isolated – they

have engaged in similar conduct (to the point of sanctions) in numerous pre and post-petition state

court and District Court actions as well.  As such, the Sui Litigants' problematic filings and abusive

litigation tactics are well-documented.

    iii. <u>Frivolous or Harassing Nature of Prior Filings</u>

    The Court must find that the filings are of a frivolous or harassing nature.  To make

this finding, courts typically examine the number and content of the filings as indicia of

frivolousness.  *McCarthy*, 2008 WL, at \*18 (*citing*, *DeLong*, 912 F.2d at 1148; *Molski*, 500 F.3d at

1059).  The Sui Litigants' litigation history clearly establishes this element.  As noted above, the Sui

Litigants have filed over 30 meritless actions and pleadings in a four-year span.  When unsuccessful,

they simply resort to filing repetitive motions, actions and appeals.

    Further, the record reflects persistent litigants who relentlessly pursue claims against

other parties regardless of the merits of such claims.  Their papers repeatedly assert the same

arguments, even after they have been rejected by the State Court, the Bankruptcy Court, the

Bankruptcy Appellate Panel, and the District Court.  By repeatedly asserting the same facts and

arguing the same issues, even after those issues have been decided against them, the Sui Litigants

display a clear intent to harass.  *See*, *McMahon v. Pier 39 Ltd. Partnership*, 2003 WL 22939233, at

\*8 (N.D.Cal. 2003) (Finding that plaintiff has used state and federal court to harass defendants "[b]y

continually repeating allegations that have already been decided against him.").  Given the number

of defendants, many of whom have an attenuated relationship to their allegations, and the vitriol

expressed in many of their pleadings, the Sui Litigants' actions also display their intent to harass.

*See*, *Gabor v. County of Santa Clara Bd. Of Supervisors*, 2008 WL 902407, at \*7 (N.D. Cal. 2008).

    Moreover, the Sui Litigants use the threat of litigation s a tactical advantage

regardless of the validity of their claims.  Here, the specter of litigation has lingered, and continues

to linger, over the Trustee and his professionals and they have performed services to the Estate

NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER
144210v1/1015-038

1    while.  In fact, the Debtor elected to sue Mr. Goodrich for performing services as general counsel to

2    the Trustee.  Litigation should be a source of relief and not a sword to be wielded in relating to legal

3    proceedings.  The Sui Litigants should no longer be permitted to abuse the legal process in order to

4    gain an advantage in collateral proceedings.

5            In sum, the Sui Litigants have caused unnecessary expense to the estate and a

6    needless burden on the Court.  Their history of repetitious and meritless arguments is sufficient to

7    meet this element.

8            iv.    Narrowly Tailored Order

9            Finally, the order must be narrowly tailored.  Here, the Court can easily fashion an

10   order that is narrowly tailored to address these abuses.  Given the circumstances presented herein, it

11   is necessary and proper for the Court to enter a pre-filing order as set forth below:

13           It is ordered that the Clerk of the Bankruptcy Court for the Central District
         of California will accept no further initiating documents for filing from
14       Yan Sui ("Sui") or Pei-Yu Yang ("Yang") in this case, including but not
         limited to complaints, motions and objections to claims.  Any pleadings
15       received from Sui and Yang shall be stamped received after which time
         they will be forwarded to a Bankruptcy Judge of this Court for review.  If
16       in fact, the pleadings are deemed meritorious, they will be returned to the
         Clerk for filing, after which time either Sui or Yang shall cause the same
17       to be served upon attorneys for the Panel Trustee, Richard A. Marshack,
         all creditors, and the United States Trustee. If after review, the pleadings
18       are not found to be meritorious, the same shall be returned to Sui or Yang,
         shall not be filed of record, and the receipt copy shall be removed from the
19       court file.  It is further ordered that this Order shall not apply to any
         pleadings presented by Sui or Yang designated as an "appeal" of any of
20       this Court's Orders whether such appeal be directed to the United States
         District Court, the Bankruptcy Appellate Panel, or the Ninth Circuit Court
21       of Appeals itself.  It is further ordered that if Sui or Yang disobey this
         Order and the instructions contained in this Order, he or she will be
22       subject to immediate sanctions and will be ordered to appear to show
         cause why he or she should not be held in contempt of this Court's Orders.
23

24

25           The aforementioned language is sufficiently narrow to address the abuses of the Sui

26   Litigants while, at the same time, allowing both parties to be heard.  For instance, if the Court deems

27   any of their future pleadings meritorious, then those pleadings will be allowed to be filed.

28   Importantly, neither party will be precluded from appealing any of this Court's orders.

16

NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER

C.    <u>The Court Should Enter an Order Requiring Leave before the Sui Litigants May Sue the Trustee and His Professionals</u>

The Sui Litigants should be required to obtain leave of this Court before filing suit against the Trustee and his professionals for several reasons.  First, the Trustee and his professionals are entitled to quasi-judicial immunity while performing services in administration of a bankruptcy case.  Second, Trustee's counsel has already been sued by Debtor, and every professional in this case is working under the constant threat of litigation by the Sui Litigants.  Third, the estate is rapidly being drained of potential assets.  It cannot afford to fend off meritless future litigation without eroding the distribution to be paid to creditors.  As discussed more fully below, the Court should enter an order requiring leave before more lawsuits are filed.

i.    <u>The Barton Doctrine Provides Quasi Immunity to the Trustee and His Professionals</u>

The Trustee seeks an Order from this Court preventing the filing of any lawsuit against the Trustee and/or his professionals by the Sui Litigants unless leave is granted.  Under the seminal case of *Barton v. Barbour*, 1104 U.S. 126 (1881), the Supreme Court opined that common law barred suits against court-appointed receivers in courts other than the court in which they were charged with the duty to liquidate/recover assets.  The Supreme Court's ruling in *Barton v. Barbour* has become known as the "Barton Doctrine."

In the 9th Circuit, the Barton Doctrine was recognized and applied in the matter of *Crown Vantage, Inc.*, 421 F.3d 963 (9th Cir. 2005).   In its decision, the *Crown* court notes the necessity of quasi immunity for bankruptcy trustees by quoting Judge Posner's opinion of *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998) wherein Judge Posner writes:

> "Just like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code.  If he is burdened with having to defend against suits by litigants disappointed by his actions on the court's behalf, his work for the court will be impeded.  This concern is most acute when suit is brought against the trustee while the bankruptcy proceeding is still going on.  The threat of his being distracted or intimidated is then very great…"

NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER

144210v1/1015-038

1    Quasi-judicial immunity further extends to a bankruptcy trustee's professionals performing services

2    for the trustee in the administration of a bankruptcy case. *In re Harris*, 590 F.3d 730, 742 (9th Cir.

3    2009)

4             In this case, the clear and present danger of needless litigation is serving as a

5    burdening distraction to the Trustee's administration of the Debtor's bankruptcy estate. It seems

6    self-evident that the Sui Litigants' lawsuits and threats of future litigation are intended to intimidate

7    and discourage the Trustee and his professionals from performing their duties. Given the Sui

8    Litigants' propensity to file lawsuits regardless of the merits, the Trustee seeks a preemptory order of

9    this Court which will ensure that estate funds are not being paid to fend off needless litigation filed

10   by the Sui Litigants against the Trustee and his professionals unless and until the Court agrees that

11   litigation is for matters beyond the protections of the Barton Doctrine. Without such an order, the

12   Trustee and his professionals will likely toil in pointless litigation and churn fees from estate coffers.

13             Moreover, there is a high probability that Trustee and his professionals will be sued

14   by the Debtor and/or Yang. They will not only drain estate resources, but they will also affect the

15   Trustee's counsel's malpractice insurance as well as their professional image. The need for

16   protection from unwarranted litigation outweighs any claim of right the Sui Litigants may have and

17   the Court should require leave for any planned litigation for the Sui Litigants. As such, the Court

18   should require the Sui Litigants to obtain leave of Court before filing suit against the Trustee and his

19   professionals.

20        ii.    The Court May Issue Any Necessary Order Appropriate to Carry Out the

21               Provisions of the Bankruptcy Code.

22             The Court is authorized to issue an Order requiring that the Sui Litigants obtain leave

23   of Court before suing the Trustee and/or his professional.

24             11 U.S.C. §105(a) provides:

25

26        "The court may issue any order, process, or judgment that is necessary or
          appropriate to carry out the provisions of this title. No provision of this
27        title providing for the raising of an issue by a party in interest shall be
          construed to preclude the court from, sua sponte, taking any action or
28        making any determination necessary or appropriate to enforce or

implement court orders or rules, <u>or to prevent an abuse of process.</u>"
[Emphasis added].

Here, Debtor has threatened to sue the Trustee and his counsel on multiple occasions.
The Debtor actually sued Goodrich personally in state court on August 21, 2012.  Shortly thereafter,
Debtor's meritless lawsuit was removed to this Court and dismissed.  The District Court
subsequently affirmed this Court's order dismissing the case, and the Debtor's appeal of the District
Court order is currently pending before the Ninth Circuit Court of Appeal.

Clearly, the Debtor is prone to unmeritorious litigation - he has already been found to
be a vexatious litigant.  If the Debtor is not required to obtain leave to file suit against the Trustee
and his professionals, it is inevitable that the Debtor will sue the Trustee and his professionals in
response to their administration of the Debtor's bankruptcy case.  If Yang is not required to obtain
leave, Debtor will simply list Yang as the plaintiff in subsequent actions against the Trustee and his
professionals.[1]  Any such lawsuits by the Debtor and/or Yang would be an abuse of process and a
furtherance of their years of misuse of the legal process.  As authorized under §105(a), the Court
should require the Sui Litigants to obtain leave of this Court before deploying litigation against the
Trustee and his professionals in order to prevent an abuse of process.

    iii.    <u>The Barton Doctrine's Limitations Should Be Extended to this Bankruptcy
Case and Any Related Proceedings.</u>

Although the Trustee concedes that the Barton Doctrine prevents, without leave of
court, the institution of litigation against the Trustee and his professionals for acts committed in their
administration of the bankruptcy case *in other forums*, the Trustee seeks an Order extending the
Barton Doctrine to this case.

As discussed above, §105 allows the Court to issue any order necessary or
appropriate to carry out the provisions of the Bankruptcy Code.  The Court is authorized under §105
to require that the Sui Litigants obtain leave of this Court before filing litigation against the Trustee
and/or his professionals in this case and related proceedings.  More importantly, requiring the Sui

---

[1] Debtor has already testified that he has prepared pleadings on Yang's behalf.  *See*, Goodrich
Declaration, ¶ 10.

NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER

144210v1/1015-038

1    Litigants to obtain an order before filing suit will discourage frivolous, reactionary litigation and

2    allow the Court an opportunity to determine if their claims are meritorious and of the nature that are

3    beyond the quasi-judicial immunity provided to the Trustee and his professionals.  Without such an

4    Order in this case, the Trustee and his professionals will continue to be threatened and intimidated

5    by the Sui Litigants– the very type of conduct the *Barton* court sought to prevent.  To ensure the

6    Trustee and professionals are not distracted by the threat of litigation, the Court should require that

7    the Sui Litigants obtain leave from the Court before filing an action or proceeding against the

8    Trustee and/or his professionals in this Court.

9    4.    <u>CONCLUSION</u>

10           Based on the foregoing, the Trustee respectfully requests that the Court enter a

11   pre-filing order against the Sui Litigants.

12

13   DATED:  September 30, 2013             MARSHACK HAYS LLP

14

15                                          By:  */s/ David M. Goodrich*
                                              _____
16                                              DAVID M. GOODRICH
                                              CHAD V. HAES
17                                              Attorneys for Richard A. Marshack,
                                              Chapter 7 Trustee for the Bankruptcy Estate of
                                              Yan Sui

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER

144210v1/1015-038

## DECLARATION OF DAVID M. GOODRICH

I, DAVID M. GOODRICH, say and declare as follows:

1.      I am an attorney at law duly admitted to practice before all courts of the State of California.  I am a partner in the law firm of Marshack Hays LLP, attorneys of record for RICHARD A. MARSHACK, Chapter 7 Trustee.

2.      If called upon to testify as to the matters set forth herein, I could and would competently testify thereto.

3.      I make this declaration in support of the Trustee's Notice of Motion and Motion for: (1) Pre-Filing Order; and (2) Order To Require Leave To Sue Trustee Richard A. Marshack and His Professionals ("Motion").

4.      Orange County Superior Court Case No. 30-2009-000329341, filed on December 18, 2009, was settled by the Trustee post-petition (and subsequently dismissed) pursuant to the Trustee's Motion for Approval of Compromise.  Before this case was settled, it was determined that this case lacked merit and subjected the bankruptcy estate to potential liability for malicious prosecution.

5.      Orange County Superior Court Case No. 30-2010-00395852, filed on August 3, 2010, was settled by the Trustee post-petition (and subsequently dismissed) pursuant to the Trustee's Motion for Approval of Compromise.  Before this case was settled, it was determined that this case lacked merit and subjected the bankruptcy estate to potential liability for malicious prosecution.

6.      Orange County Superior Court Case No. 30-2011-00528906-CL-OR-CJC, filed on December 12, 2011, was settled by the Trustee post-petition (and subsequently dismissed) pursuant to the Trustee's Motion for Approval of Compromise.  Before this case was settled, it was determined that this case lacked merit and subjected the bankruptcy estate to potential liability for malicious prosecution.

7.      Case Number 30-2011-00477895-CL-OR-CJC, filed on May 25, 2011, as an appeal of the judgment entered in case number 30-2009-00329341, was settled by the Trustee

1

144210v1/1015-038

post-petition (and subsequently dismissed) pursuant to the Trustee's Motion for Approval of Compromise. More specifically, the resolution and dismissal of this appeal was wrapped into the settlement of the underlying case. Before this case was settled, it was determined that the underlying case lacked merit and subjected the bankruptcy estate to potential liability for malicious prosecution.

8. During the initial post-petition investigation of potential assets of the Yan Sui ("Debtor"), I learned of the Debtor's pursuit of pre-petition litigation and demanded that Debtor cease such activity. In response, Debtor made two threats to sue the Trustee and me. Attached hereto as Exhibits "55" through "56" are true and correct copies of the subject e-mails.

9. After interviewing two members of the homeowners association that the Debtor has sued on several occasions, it became evident to me that the Debtor is fairly litigious.

10. Throughout my representation of the Trustee, I have performed legal services under the constant threat of a lawsuit (or multiple lawsuits) being filed against me by the Debtor and Ms. Yang. In fact, I was personally sued by the Debtor. Even though the lawsuit filed against me was removed to this Court from the Superior Court and dismissed by this Court, the dismissal is on appeal.

11. Recently, the Trustee, the Trustee's proposed real estate broker and I received an e-mail from Debtor and Pei-yu Yang ("Yang") advising us that we "are playing an unlawful legal game, it is a double-edged sword. Make sure you won't get hurt. Separate advice to Yoshikane [proposed broker]: seek second legal opinion and don't get involved in this unlawful move by Mr. Marshack." Attached hereto as Exhibit "57" is a true and correct copy of the subject e-mail. Clearly, the threats have continued throughout this case.

12. Given the previous lawsuit that was filed against me by the Debtor and the Debtor's most recent email (See, Exhibit "57"), I continue to perform services for the Bankruptcy Estate under the constant threat of additional litigation being filed against me by the Debtor and/or Ms. Yang.

/ / /

/ / /

2

144210v1/1015-038

13.     The lawsuit filed by the Debtor against me was disclosed to the firm's malpractice carrier and it may adversely affect the firm's insurance premiums and possibly its ability to obtain future malpractice insurance liability coverage.

14.     Debtor has testified in open court on at least one occasion that he has prepared pleadings on Yang's behalf.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on September 30, 2013, at Irvine, California.

*/s/ David M. Goodrich*

DAVID M. GOODRICH

DECLARATION OF DAVID M. GOODRICH

144210v1/1015-038

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt Avenue, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S NOTICE OF MOTION AND MOTION FOR: (1) PRE-FILING ORDER; AND (2) ORDER REQUIRING LEAVE TO SUE TRUSTEE RICHARD A. MARSHACK AND HIS PROFESSIONALS; AND DECLARATION OF DAVID M. GOODRICH IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **September 30, 2013**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) September 30, 2013, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
- i   **Debtor,** Yan Sui, PO Box 7561, Huntington Beach, CA 92615
- i   **Creditor,** Pei-Yu Yang, 2176 Pacific Ave., #C, Costa Mesa, CA 92627
- i   **Office of The United States Trustee**, 411 West Fourth Street, Suite 9041, Santa Ana, CA 92701

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 30, 2013**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.
<u>Via Personal Delivery</u>
Honorable Catherine E. Bauer
United States Bankruptcy Court - Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| September 30, 2013 | Chanel Mendoza | *signature* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):  CON'T**:

- **Attorneys for Chapter 7 Trustee Richard A. Marshack,** David M Goodrich dgoodrich@marshackhays.com, ecfmarshackhays@gmail.com
- **Attorneys for Chapter 7 Trustee Richard A. Marshack,** Chad V Haes chaes@marshackhays.com, ecfmarshackhays@gmail.com
- **Attorneys for Chapter 7 Trustee Richard A. Marshack,** D Edward Hays ehays@marshackhays.com, ecfmarshackhays@gmail.com
- **Chapter 7 Trustee,** Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@ecf.epiqsystems.com
- **Creditor WELLS FARGO BANK, N.A., ALSO KNOWN AS WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., AND FORMERLY KNOWN AS WACHOVIA MORTGAGE, FSB, FORMERLY KNOWN AS WORLD SAVINGS BANK, FSB, ITS ASSIGNS AND/,** Marisol A Nagata cdcaecf@bdfgroup.com
- **Creditor JPMorgan Chase Bank, National Association,** Christina J O christinao@mclaw.org, erica@mclaw.org
- **Creditor Bank of America, N.A., Successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP,** Kelly M Raftery bknotice@mccarthyholthus.com
- **Interested Party,** Ramesh Singh claims@recoverycorp.com
- **Attorneys for Chapter 7 Trustee Richard A. Marshack,** Martina A Slocomb mslocomb@marshackhays.com, ecfmarshackhays@gmail.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Interested Party,** Darlene C Vigil cdcaecf@bdfgroup.com
- **Creditor Nationstar Mortgage LLC, its assignees and/or successors,** Kristin A Zilberstein bknotice@mccarthyholthus.com, kzilberstein@mccarthyholthus.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
145790v1/1015-038

**F 9013-3.1.PROOF.SERVICE**