1  DAVID M. GOODRICH, #208675
   dgoodrich@marshackhays.com
2  CHAD V. HAES, #267221
   chaes@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt Avenue
4  Irvine, California 92620
   Telephone:  (949) 333-7777
5  Facsimile:  (949) 333-7778

6  Attorneys for Plaintiff and Chapter 7 Trustee,
   RICHARD A. MARSHACK
7

8              UNITED STATES BANKRUPTCY COURT

9        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

10 | In re                        | Case No.  8:11-bk-20448-CB
11 | YAN SUI,                      | Chapter  7
12 |              Debtor.          | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF TRUSTEE'S NOTICE OF MOTION AND MOTION FOR: (1) PRE-FILING ORDER; AND (2) ORDER REQUIRING LEAVE TO SUE TRUSTEE RICHARD A. MARSHACK AND HIS PROFESSIONALS
13 |
14 |
15 |
16 |                              | Date:   November 12, 2013
   |                              | Time:   2:30 p.m.
17 |                              | Ctrm:   5D
18 |                              | [NOTICE OF MOTION AND MOTION FOR PRE-FILING ORDER FILED CONCURRENTLY HEREWITH]
19

20                  REQUEST FOR JUDICIAL NOTICE

21          RICHARD A. MARSHACK, Chapter 7 Trustee ("Trustee") through his attorneys,

22 Marshack Hays LLP, hereby requests, pursuant to Federal Rule of Evidence 201, that this Court

23 take judicial notice of the following documents to be considered in connection with Trustee's

24 Request for Judicial Notice in Support of Trustee's Motion for Pre-Filing Order:

25                  JUDICIALLY NOTICED DOCUMENTS

26          1.      The August 23, 2012, Notice of Entry of Dismissal in *Yan Sui v. Stephen

27 Price*, et al, Orange County Superior Court Case No. 30-2010-00329341, dismissal entered on

28 August 17, 2012.  A true and correct copy of the document is attached hereto as Exhibit "1."

1    2.    The October 16, 2012, Notice of Judgment executed in *Yan Sui v. 2176*

2 *Pacific Homeowners Association, et al.,* United States District Case No. SACV 11-01340 JAK, by

3 Hon John A. Kronstadt.  A true and correct copy of this document is attached hereto as Exhibit

4 "2."

5    3.    The California Appellate Court docket in *Sui v. Orange County Superior*

6 *Court*, Case No. G045217, reflecting that the Petition for Writ of Mandate was on filed May 10,

7 2011, and then denied on June 2, 2011.  A true and correct copy of the document is attached hereto

8 as Exhibit "3."

9    4.    The California Appellate Court docket in *Sui v. Price, et al.,* Case No.

10 G0444185, reflecting that the Notice of Appeal was on filed September 10, 2010.  A true and

11 correct copy of the document is attached hereto as Exhibit "4."

12    5.    The September 1, 2010, Notice of Judgment executed in *Yan Sui v. Stephen*

13 *Price, et al.*, Orange County Superior Court Case No. 30-2010-00353446-CU-CJC, by Honorable

14 Sheila Fell.  A true and correct copy of this document is attached hereto as Exhibit "5."

15    6.    Plaintiff Yan Sui's Complaint in Orange County Superior Court Case No.

16 30-2010-00353446-CU-CJC.  A true and correct copy of plaintiff YAN SUI's Complaint is

17 attached hereto as Exhibit "6."

18    7.    The Fourth California Appellate District's docket for *Sui v. The Superior*

19 *Court of California*, County of Orange, Cal. Crt. Appeal (4th Dist., Div. 3) Case No. G043858,

20 reflecting that a Petition for Writ of Mandate was filed on June 30, 2010.  A true and correct copy

21 of this document is attached hereto as Exhibit "7."

22    8.    The July 1, 2010, Court's Order Denying the Petition for Writ of Mandate

23 filed in *Sui v. The Superior Court of California, County of Orange*, Cal. Crt. Appeal (4th Dist.,

24 Div. 3) Case No. G043750.  A true and correct copy of the Court's Order denying the petition is

25 attached hereto as Exhibit "8."

26    9.    The Fourth California Appellate District's docket for *Sui v. The Superior*

27 *Court of California*, County of Orange, Cal. Crt. Appeal (4th Dist., Div. 3) Case No. G043750,

28 / / /

2
REQUEST FOR JUDICIAL NOTICE

144209v1/1015-038

Main Document      Page 3 of 39

1    reflecting that a Petition for a Writ of Mandate was filed on June 9, 2010, and denied on May 1,

2    2010.  A true and correct copy of this document is attached hereto as Exhibit "9."

3           10.    The Fourth California Appellate District's docket for *Sui v. Price, et al.*, Cal.

4    Crt. Appeal (4th Dist., Div. 3) Case No. G043701, reflecting that an appeal was taken on May 26,

5    2010, and dismissed on June 25, 2010 as the appeal was determined to be from a non-appealable

6    order.  A true and correct copy of this document is attached hereto as Exhibit "10."

7           11.    The Fourth California Appellate District's docket for *Sui v. Tan*, Cal. Crt.

8    Appeal (4th Dist., Div. 3) Case No. G042548, reflecting that an appeal was taken on September 2,

9    2009, and judgment in favor of respondent and award of sanctions against appellant Yan Sui,

10   affirmed on July 26, 2010.  A true and correct copy of this document is attached hereto as Exhibit

11   "11."

12          12.    The Fourth California Appellate District's docket for *Sui v. Tan*, Cal. Crt.

13   Appeal (4th Dist., Div. 3) Case No. G042548, reflecting that an appeal was taken on September 2,

14   2009, and judgment in favor of respondent and award of sanctions against appellant Yan Sui,

15   affirmed on July 26, 2010.  A true and correct copy of the unpublished opinion affirming the

16   judgment and award of sanctions is attached hereto as Exhibit "12."

17          13.    The December 3, 2010, tentative ruling of Hon. Linda Marks, which became

18   her final ruling at the hearing on plaintiff Yan Sui's motion for reconsideration in *Yan Sui v.*

19   *Stephen D. Price, et al.,* Orange County Superior Court Case No. 30-20 10-00342510-CU-CJC,

20   affirming the dismissal of plaintiff's complaint.  A true and correct copy of the document is

21   attached hereto as Exhibit "13."

22          14.    The December 3, 2010, tentative ruling of Hon. Linda Marks, which became

23   her final ruling at the hearing on plaintiff Yan Sui's motion for reconsideration in *Yan Sui v.*

24   *Stephen D. Price, et al.,* Orange County Superior Court Case No. 30-20 10-00342510-CU-CJC,

25   affirming the dismissal of plaintiff's complaint.  A true and correct copy of the Orange County

26   Superior Court's docket is attached hereto as Exhibit "14."

27   / / /

28   / / /

REQUEST FOR JUDICIAL NOTICE

144209v1/1015-038

15.     The June 29, 2012, Notice of Judgment executed in *Yan Sui v. Southside Towing, et al.,* United States District Case No. SACV 10-01973 JAK, by Honorable John A. Kronstadt.  A True and correct copy of this document is attached hereto as Exhibit "15."

16.     The Orange County Superior Court docket in *Sui v. Matteau*, Orange County Superior Court Case No. 05HL03448, reflecting that the case was on filed August 19, 2000, and then dismissed by plaintiff without prejudice. Following the dismissal, plaintiff, in pro per, filed a Motion for Reconsideration and "Motion for New Trial," when in fact, there was no trial. Sanctions were awarded against plaintiff by Commissioner Pacheco.  A true and correct copy of the document is attached hereto as Exhibit "16."

17.     The June 8, 2012, Judgment Re: Trial Verdict *in Sui v. Stephen Price*, Orange County Superior Court Case No. 30-2010-00395852.  A true and correct copy of the document is attached hereto as Exhibit "17."

18.     The Case Docket for *In re Yan Sui*, United States Bankruptcy Court, Central District of California, Chapter 7 Case No. 8:11-20448-CB filed on July 27, 2011.  A true and correct copy of the document is attached hereto as Exhibit "18."

19.     Yan Sui's first Motion to Dismiss his Chapter 13 Case (Docket No. 26), filed on September 19, 2011, in Bankruptcy Case No. 8:11-20448-CB.  A true and correct copy of the document is attached hereto as Exhibit "19."

20.     Yan Sui's second Motion to Dismiss his Chapter 13 Case (Docket No. 35), filed on October 11, 2011, in Bankruptcy Case No. 8:11-20448-CB.  A true and correct copy of the document is attached hereto as Exhibit "20."

21.     The November 17, 2011, Order Denying Motion by Debtor to Dismiss Bankruptcy Case, in Bankruptcy Case No. 8:11-20448-CB.  A true and correct copy of the document is attached hereto as Exhibit "21."

22.     Yan Sui's Motion for Reconsideration of Order Denying his Motion to Dismiss and Converting the Case to Chapter 7 (Docket No. 53), filed on November 8, 2011, in Bankruptcy Case No. 8:11-20448-CB.  A true and correct copy of the document is attached hereto as Exhibit "22."

144209v1/1015-038

23.    The December 1, 2011, Order Denying Reconsideration of the Order

Denying Motion to Dismiss Bankruptcy Case, in Bankruptcy Case No. 8:11-20448-CB.  A true

and correct copy of the document is attached hereto as Exhibit "23."

24.    The September 4, 2012, Appellant's Joint Opening Brief in *Yan Sui v.*

*Richard A. Marshack, Chapter 7 Trustee, et al.*, United States Bankruptcy Appellate Panel for the

Ninth Circuit, Case No.s CC-12-1223, 12-1366, and 12-1367.  A true and correct copy of this

document is attached hereto as Exhibit "24."

25.    The April 4, 2013, Memorandum of Opinion in *Yan Sui v. Richard A.*

*Marshack, Chapter 7 Trustee, et al.*, United States Bankruptcy Appellate Panel for the Ninth

Circuit, Case No.s CC-12-1223, 12-1366, and 12-1367.  A true and correct copy of this document

is attached hereto as Exhibit "25."

26.    The August 12, 2013, Appellant Joint Opening Brief in *Yan Sui v. Richard*

*A. Marshack, Chapter 7 Trustee, et al.*, United States Court of Appeals for the Ninth Circuit Case

No. 12-60068, 13-60069, and 13-60070 (BAP Case No. CC-12-1223).  A true and correct copy of

this document is attached hereto as Exhibit "26."

27.    The July 23, 2012, Pei-yu Yang Notice of Motion and Motion to Dismiss

Complaint Pursuant to FRCP Rule 12(b)(1) for Lack of Jurisdiction and 12(b)(6) for Failure to

State a Claim upon Which Relief can be Granted; Declaration in *Richard A. Marshack, Chapter 7*

*Trustee v. Pei-yu Yang*, United States Bankruptcy Court Case No. 8:11-ap-01356-CB.  A true and

correct copy of this document is attached hereto as Exhibit "27."

28.    The September 13, 2012, Order Denying Defendant's Motion to Dismiss

Plaintiff's Complaint for Lack of Jurisdiction (FRCP 12(b)(1)) and/or Failure to State a Clam

Upon Which Relief can be Granted (FRCP 12(b)(6)) in *Richard A. Marshack, Chapter 7 Trustee v.*

*Pei-yu Yang*, United States Bankruptcy Court Case No. 8:11-ap-01356-CB.  A true and correct

copy of this document is attached hereto as Exhibit "28."

29.    The February 8, 2013, Appellant's Opening Brief in in *Pei-yu Yang v.*

*Richard A. Marshack, Chapter 7 Trustee*, United States District Court Case No. 8:12-cv-01501-

MWF.  A true and correct copy of this document is attached hereto as Exhibit "29."

5

Case 8:11-bk-20448-CB    Doc 228    Filed 09/30/13    Entered 09/30/13 15:25:00    Desc
Main Document    Page 6 of 39


30.    The April 18, 2013, Civil Minutes in *Yan Sui*, United States District Court Case No. 8:12-cv-01501-MWF.  A true and correct copy of this document is attached hereto as Exhibit "30."

31.    The August 20, 2013, Notice of Motion and Motion to Dismiss Complaint Pursuant to FRCP Rule 12(b)(1) for Lack of Jurisdiction and 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted in *Richard A. Marshack, Chapter 7 Trustee v. Pei-yu Yang*, United States Bankruptcy Court Case No. 8:11-ap-01356-CB.  A true and correct copy of this document is attached hereto as Exhibit "31."

32.    The June 27, 2012, Yan Sui Debtor's Amended Opposition to Trustee's Motion for Order Approving Compromise of Controversy re: (1) Four Civil Actions Against 2176 Pacific HOA; Steve Price and Michelle M. Matteau; and (2) All Other Potential Claims of Debtor Pre-Petition; Memorandum of P&As, filed in Bankruptcy Case No. 8:11-bk-20448-CB.  A true and correct copy of this document is attached hereto as Exhibit "32."

33.    The August 10, 2012, Order Granting Motion Order Approving Compromise of Controversy, filed in Bankruptcy Case No. 8:11-bk-20448- CB.  A true and correct copy of this document is attached hereto as Exhibit "33."

34.    The October 1, 2012, Appellant's Opening Brief in *Yan Sui v. Richard A. Marshack, Chapter 7 Trustee*, United States Bankruptcy Appellate Panel Case No. CC-12-1408. A true and correct copy of this document is attached hereto as Exhibit "34."

35.    The January 31, 2013, Order Dismissing Appeal in *Yan Sui v. Richard A. Marshack, Chapter 7 Trustee*, United States Bankruptcy Appellate Panel Court Case No. CC-12-1408.  A true and correct copy of this document is attached hereto as Exhibit "35."

36.    The June 4, 2013, Yan Sui Appellant's Opening Brief in *Yan Sui v. Richard A. Marshack, Chapter 7 Trustee*, United States Court of Appeals Case No. 13-60020.  A true and correct copy of this document is attached hereto as Exhibit "36."

37.    The September 21, 2012, David M. Goodrich Notice of Lodgment of State Court Pleadings in *David M. Goodrich v. Yan Sui, et al.*, United States Bankruptcy Court Case No. 8:11-ap-01523-CB.  A true and correct copy of this document is attached hereto as Exhibit "37."

6


REQUEST FOR JUDICIAL NOTICE

144209v1/1015-038

38.    The November 19, 2012, Order Granting Motion (1) to Dismiss Complaint; and (2) to Strike Complaint in *David M. Goodrich v. Yan Sui, et al.*, United States Bankruptcy Court Case No. 8:12-ap-01523-CB.  A true and correct copy of this document is attached hereto as Exhibit "38."

39.    The March 5, 2013, Appellant's Opening Brief in *Yan Sui v. David M. Goodrich*, United States District Court Case No. 8:12-cv-01961-MWF.  A true and correct copy of this document is attached hereto as Exhibit "39."

40.    The April 29, 2013, Court Civil Minutes in *In re Yan Sui*, United States District Court Case No. 8:11-cv-01961-MWF.  A true and correct copy of this document is attached hereto as Exhibit "40."

41.    The August 16, 2013, Court Docket in *Yan Sui v David Goodrich*, United States Court of Appeals for the Ninth Circuit Court Case No. 13-55879.  A true and correct copy of this document is attached hereto as Exhibit "41."

42.    The May 22, 2013, Order Granting Motion for Summary Adjudication in *Richard A. Marshack, Chapter 7 Trustee v. Pei-yu Yang*, United States District Court Case No. 8:13-cv-00519-MWF.  A true and correct copy of this document is attached hereto as Exhibit "42."

43.    The August 16, 2013, Court General Docket in *In re Yan Sui*, United States Court of Appeals for the Ninth Circuit Case No. 13-55956.  A true and correct copy of this document is attached hereto as Exhibit "43."

44.    The August 20, 2013, Notice of Motion and Motion to Dismiss Complaint Pursuant to FRCP Rule 12(b)(1) for Lack of Jurisdiction and 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted in *Richard A. Marshack, Chapter 7 Trustee v. Pei-yu Yang*, United States Bankruptcy Court Case No. 8:13-ap-01246-CB.  A true and correct copy of this document is attached hereto as Exhibit "44."

45.    The September 23, 2013, Notice of Motion and Motion to Intervene Pursuant to F.R.C.P. 24(a) as Defendant in *Richard A. Marshack, Chapter 7 Trustee v. Pei-yu Yang*, United States Bankruptcy Court Case No. 8:13-ap-01246-CB.  A true and correct copy of this document is attached hereto as Exhibit "45."

REQUEST FOR JUDICIAL NOTICE

144209v1/1015-038

46.    The September 23, 2013, Amended Notice of Motion and Motion to Dismiss Complaint Pursuant to FRCP Rule 12(b)(1) for Lack of Jurisdiction and 12(b)(6) for Failure to State a Claim Upon Which Relief can be Granted in *Richard A. Marshack, Chapter 7 Trustee v. Pei-yu Yang*, United States Bankruptcy Court Case No. 8:13-ap-01246-CB.  A true and correct copy of this document is attached hereto as Exhibit "46."

47.    The December 12, 2011, Yan Sui and Pei-Yu Yang in *Yan Sui, et al. v. Stephen D. Price, et al.*, Orange County Superior Court Case No. 30-2011-00528906.  A true and correct copy of this document is attached hereto as Exhibit "47."

48.    The September 20, 2011, Yan Sui Appellant's Opening Brief in Appeal in *Yan Sui v. Stephen D. Price, et al.*, Court of Appeals Case No. 30-2011-00477895.  A true and correct copy of this document is attached hereto as Exhibit "8."

49.    The August 16, 2013, General Docket in *Yan Sui, et al. v. Southside Towing, et al.*, United States Court of Appeals for the Ninth Circuit Case No. 12-55704.  A true and correct copy of this document is attached hereto as Exhibit "49."

50.    The August 16, 2013, General Docket in *Yan Sui, et al. v. Southside Towing, et al.*, United States Court of Appeals for the Ninth Circuit Case No. 12-56313.  A true and correct copy of this document is attached hereto as Exhibit "50."

51.    The August 16, 2013, General Docket in *Yan Sui, et al. v. 2176 Pacific Homeowners Assoc., et al.*, United States Court of Appeals for the Ninth Circuit Case No. 12-56935.  A true and correct copy of this document is attached hereto as Exhibit "51."

52.    The August 16, 2013, General Docket in *Yan Sui, et al. v. 2176 Pacific Homeowners Assoc., et al.*, United States Court of Appeals for the Ninth Circuit Case No. 13-56181.  A true and correct copy of this document is attached hereto as Exhibit "52."

53.    The February 14, 2011, Judgment re: Defendant, Steve D. Price's Motion to Require Security by Vexatious Litigant and for Pre-Filing Order in *Yan Sui v. Steve D. Price, et al.*, Orange County Superior Court Case No. 30-2009-00329341.  A true and correct copy of this document is attached hereto as Exhibit "53."

/ / /

8

144209v1/1015-038

1        54.  The April 19, 2012, Notice of Filing of Judgment/Order in *Yan Sui v. Steven*

2    *D. Price*, Orange County Superior Court Case No. 30-2009-00329341.  A true and correct copy of

3    this document is attached hereto as Exhibit "54."

4

5    DATED:  September 30, 2013      MARSHACK HAYS LLP

6

7                   By:  */s/ David M. Goodrich*

8                     DAVID M. GOODRICH
                 CHAD V. HAES

9                     Attorneys for Plaintiff and Chapter 7 Trustee,
                 RICHARD A. MARSHACK

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE

144209v1/1015-038

Exhibit "1"

CIV-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*  MARGARET M. HOLM, ESQ., Bar No.: 71252  ROBERT A. ZERMENO, JR., ESQ., Bar No.: 239108  BONNE, BRIDGES, MUELLER, O'KEEFE & NICHOLS  1851 East 1st Street, Ste 810, Santa Ana, CA 92705 | TELEPHONE NO.:  (714) 835-1157 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR *(Name):* Defendant, STEVEN D. PRICE; MICHELLE J. MATTEAU

Insert name of court and name of judicial district and branch court, if any:
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE - HARBOR, LAGUNA HILLS FACILITY

PLAINTIFF/PETITIONER: YAN SUI

DEFENDANT/RESPONDENT: STEVEN D. PRICE; MICHELLE J. MATTEAU

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/23/2012** at 10:27:00 AM

Clerk of the Superior Court
By Adam Thau, Deputy Clerk

**NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE**
- [ ] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle      [ ] Other
- [ ] Family Law
- [ ] Eminent Domain
- [X] Other *(specify):* TITLE, etc

CASE NUMBER:

30-2010 00329341

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the Request for Dismissal. *(Attach a copy completed by the clerk.)* **(ENTIRE ACTION)**

Date: August 23, 2012

ROBERT A. ZERMENO, JR., ESQ.
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ *(signature)*
(SIGNATURE)

**PROOF OF SERVICE**

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred.
   My residence or business address is: 1851 E. First Street, Suite 810, Santa Ana, CA 92705

2. [X] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. [ ] I deposited the envelope with the United States Postal Service.
   b. [X] I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit: August 23, 2012
   d. Place of deposit *(city and state):* Santa Ana, California
   e. Addressed as follows *(name and address):*

   **"SEE ATTACHED SERVICE LIST."**

3. [ ] I served a copy of the Notice of Entry of Dismissal and Request for Dismissal by personally delivering copies to the person served as shown below:
   Name:                    Date:              Time:            Address:

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   Date: August 23, 2012

   LORRAINE GALLO
   (TYPE OR PRINT NAME)

   ▶ *(signature)*
   (SIGNATURE OF DECLARANT)

Page 1 of 1

| Form Adopted for Mandatory Use  Judicial Council of California  CIV-120 [Rev. January 1, 2007] | **NOTICE OF ENTRY OF DISMISSAL  AND PROOF OF SERVICE** | Code of Civil Procedure, § 581 et seq.;  Cal. Rules of Court, rule 3.1390  www.courtinfo.ca.gov  *LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

**Exhibit "1"**
**Page 10**

<u>SERVICE LIST</u>

Sui v. Price, et al
<u>O.C.S.C. Case No. 30-2010-00329341</u>

<u>*In Re: Yan Sui*</u>
*U.S.B.C. Case No.: 8:11-bk-20448 CB*

Yan Sui                                    *PLAINTIFF IN PRO PER AND DEBTOR*
2176 Pacific Avenue #C
Costa Mesa, CA 92627
Telephone: (949) 645-5292
Email: dancalm@sbcglobal.net

Richard A. Marshack , Esq.              *Chapter 7 Bankruptcy Trustee / Chapter 7*
Marshack Hays LLP                       *Trustee of the Bankruptcy Estate of Yan*
870 Roosevelt Avenue                    *Sui*
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778
Email: rmarshack@marshackhays.com

David M. Goodrich, Esq.                 *General Counsel for Chapter 7*
Goodrich Law Corporation                *Bankruptcy Trustee*
870 Roosevelt Avenue
Irvine, California 92620
Telephone: (949) 709-2662
Facsimile: (949) 340-9746

Marjorie Lindenbaum
Scottsdale Insurance Company
P.O. Box 4120
Scottsdale, Arizona 85261

SICOM-0245/770072.1

# ATTACHMENT

Exhibit "1"
Page 12

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Richard A. Marshack, Esq. - Chapter 7 Trustee
Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620
TELEPHONE NO.: (949) 333-7777   FAX NO. (Optional): (949) 333-7778
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Debtor, YAN SUI, and Bankruptcy Estate of Debtor, YAN SUI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 23141 Moulton Pkwy
MAILING ADDRESS: 23141 Moulton Pkwy
CITY AND ZIP CODE: Laguna Hills, CA 92653
BRANCH NAME: HARBOR LAGUNA HILLS FACILITY

PLAINTIFF/PETITIONER: YAN SUI
DEFENDANT/RESPONDENT: STEVEN D. PRICE; MICHELLE I. MATTEAU

REQUEST FOR DISMISSAL

☐ Personal Injury, Property Damage, or Wrongful Death
  ☐ Motor Vehicle   ☐ Other
☐ Family Law   ☐ Eminent Domain
☒ Other (specify): Title, etc.

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
08/17/2012 at 03:03:00 PM
Clerk of the Superior Court
By Adam Thau, Deputy Clerk

CASE NUMBER: 30-2010-00329341

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

1. TO THE CLERK: Please dismiss this action as follows:
  a. (1) ☒ With prejudice   (2) ☐ Without prejudice
  b. (1) ☒ Complaint   (2) ☐ Petition
     (3) ☐ Cross-complaint filed by (name):   on (date):
     (4) ☐ Cross-complaint filed by (name):   on (date):
     (5) ☐ Entire action of all parties and all causes of action
     (6) ☒ Other (specify): ENTIRE DISMISSAL OF COMPLAINT FILED BY PLAINTIFF YAN SUI

2. (Complete in all cases except family law cases.)
   ☐ Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed.)

Date: August 17, 2012
RICHARD A. MARSHACK, ESQ.   ▶ [signature]
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)   (SIGNATURE)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.
Attorney or party without attorney for: YAN SUI, Debtor and Estate of Debtor
☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:   ▶
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)   (SIGNATURE)
**If a cross-complaint or Response (Family Law) seeking affirmative relief is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).
Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-Complainant

(To be completed by clerk.)
4. ☒ Dismissal entered as requested on (date): AUG 17, 2012
5. ☐ Dismissal entered on (date):   as to only (name):
6. ☐ Dismissal not entered as requested for the following reasons (specify):

7. a. ☐ Attorney or party without attorney notified on (date):
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy

Date: AUG 17, 2012 ALAN CARLSON Clerk, by   A. THAU, Deputy

REQUEST FOR DISMISSAL

CIV-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: YAN SUI | CASE NUMBER: |
| DEFENDANT/RESPONDENT: STEVEN D. PRICE; MICHELLE J. MATTEAU | 30-2010 00329341 |

### Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

                                                        ► _____

_____            _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)            (SIGNATURE)

Exhibit "1"
Page 14

Exhibit "2"

Case 8:11-cv-01340-JAK  JW  Document 51    Filed 10/16/12    age 1 of 1   Page ID #:966

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| YAN SUI, PEI-YU YANG,        ) | |
|        Plaintiffs,    ) | No. SACV 11-01340 JAK (AJW) |
|        v.       ) | J U D G M E N T |
| 2176 PACIFIC HOMEOWNERS   ) | |
| ASS'N, et al.,         ) | |
|        Defendants.  ) | |

**IT IS ADJUDGED** that plaintiffs' state law claims under California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785 et seq., are dismissed without prejudice, and plaintiffs' federal claims are dismissed with prejudice.

DATED:  October 16, 2012

JOHN A. KRONSTADT
United States District Judge

Exhibit "3"

## Appellate Courts Case Information

CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

4th Appellate District Division 3                          Change court

*Court data last updated: 10/29/2012 11:05 AM*

Docket (Register of Actions)

**Sui et al. v. Orange County Superior Court**
**Case Number G045217**

| Date | Description | Notes |
|------|-------------|-------|
| 05/10/2011 | Filed petition for writ of | mandate by petitioner Yan Sui et al. (1-volume exhibits) |
| 06/02/2011 | Order denying petition filed. | The petition for writ of mandate is DENIED. Rylaarsdam/Bedsworth/Fybel |
| 06/02/2011 | Case complete. | |
| 12/13/2011 | Record shipped to records center | List 94, Box #588334846. |

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy    © 2012
Judicial Council of California / Administrative Office of the Courts

Exhibit "3"
Page 16

Exhibit "4"

California Courts - Appellate Court Case Information                              Page 1 of 3

## Appellate Courts Case Information

**CALIFORNIA COURTS**
THE JUDICIAL BRANCH OF CALIFORNIA

4th Appellate District Division 3                              Change court

*Court data last updated: 10/29/2012 11:05 AM*

Docket (Register of Actions)
**Sui v. Price et al.**
**Case Number G044185**

| Date | Description | Notes |
|---|---|---|
| 09/10/2010 | Notice of appeal lodged/received. | Aplt/Yan Sui Notice of appeals states aplt. elects to proceed 8.124 without a reporters transcript. |
| 09/10/2010 | 70 day letter sent (rule 8.124). | |
| 09/16/2010 | Civil case information statement filed. | |
| 09/28/2010 | Appellant's appendix and opening brief filed. | Plaintiff and Appellant: Sui, Yan Pro Per    1-vol appendix. |
| 10/04/2010 | Proceeding by 8.124 - no reporter's transcript. | (courtesy copy from superior crt) |
| 10/28/2010 | Respondent's brief. | Defendant and Respondent: Price, Stephen D. Attorney: Margaret M. Holm<br><br>Defendant and Respondent: 2176 Pacific Homeowners Association Attorney: Margaret M. Holm |
| 10/28/2010 | Argument letter sent. | |
| 11/15/2010 | Request for oral argument filed by: | Atty Margaret M. Holm counsel for resps. Time estimate - 10 mins. |
| 11/16/2010 | Appellant's reply brief. | Plaintiff and Appellant: Sui, Yan Pro Per |
| 11/16/2010 | Case fully briefed. | |
| 11/19/2010 | Request for oral argument filed by: | Aplt Yan Sui in propria persona. Time estimate - 10 mins. |
| 01/25/2011 | Case briefed and on assignment panel. | |

**Exhibit "4"**
**Page 17**

California Courts - Appellate Court Case Information                                Page 2 of 3

| 02/08/2011 | Calendar notice sent. Calendar date: | Thurs., 3-17-11 at 1:00 p.m. |
|---|---|---|
| 03/01/2011 | Request filed to: | by aplt/Yan Sui request permission to file supplemental points and authorities. (P & A attached to the request) |
| 03/10/2011 | Order filed. | Appellant's request to submit supplemental points and authorities, filed on March 1, 2011, is GRANTED. The authorities attached to the request are deemed filed as of March 1, 2011. |
| 03/17/2011 | Cause argued and submitted. | Aplt Yan Sui argued in propria persona. Atty Anne K. Bagley argued for resps. |
| 05/23/2011 | Opinion filed. | (Signed Unpublished) Judgment affirmed/Ikola/Bedsworth/Fybel |
| 06/06/2011 | Rehearing petition filed. | by aplt. One volume of appendix received with the petition |
| 06/10/2011 | Filed request to publish opinion. | by atty Laurie S. Poole w/Peters & Freedman, LLP |
| 06/13/2011 | Filed request to publish opinion. | by Margaret Wangler Law office of Fior Racobs & Powers |
| 06/20/2011 | Order denying rehearing petition filed. | (Ikola) Bedsworth, Fybel |
| 06/20/2011 | Order granting publication filed. | Partial publication |
| 06/30/2011 | Service copy of petition for review received. | by petitioner Yan Sui |
| 07/05/2011 | Service copy of petition for review received. | by aplt. |
| 07/08/2011 | Record transmitted to Supreme Court. | 1 misc. folder, 1 aob, 1 rb, 1 arb, 2 aplt's pet of rehearing, 1 aplt's appendix |
| 08/22/2011 | Petition for review denied in Supreme Court. | The petition for review is denied. (filed 08/17/11) |
| 08/23/2011 | Remittitur issued. | |
| 08/23/2011 | Case complete. | |
| 10/24/2011 | Record returned from Supreme Court. | 1 misc. folder, 1 aob, 1 rb, 1 arb, 2 aplt's pet of rehearing, 1 aplt's appendix |
| 12/13/2011 | Record shipped to records center | List 94, Box #588334827. |

**Click here** to request automatic e-mail notifications about this case.

**Exhibit "4"**
**Page 18**

Exhibit "5"

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

SEP 01 2010

ALAN CARLSON, Clerk of the Court

BY R. BURNS

1  MARGARET M. HOLM, ESQ., BAR NO.: 071252
   ROBERT A. ZERMENO, JR., ESQ., BAR NO.: 239108
2  BONNE, BRIDGES, MUELLER, O'KEEFE & NICHOLS
   1851 East 1st Street, Suite 810
3  Santa Ana, California 92705
   (714) 835-1157
4

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
08/11/2010 at 03:23:41 PM
Clerk of the Superior Court
By Elaina I Blomberg, Deputy Clerk

5  Attorneys for Defendants,
   STEVE D. PRICE and 2176 PACIFIC HOMEOWNERS ASSOCIATION
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF ORANGE- CENTRAL JUSTICE CENTER

10

11  YAN SUI,                              )  CASE NO. 30-2010-00353446-CU-CJC
                                          )
12         Plaintiff(s),                  )  (Assigned to: Hon. Judge Sheila
                                          )  Fell/Department C-22)
13     vs.                                )
                                          )  [PROPOSED] JUDGMENT RE:
14  STEPHEN D. PRICE, an individual; 2176 )  DEFENDANTS STEVE D. PRICE
    PACIFIC HOMEOWNERS                    )  AND 2176 PACIFIC
15  ASSOCIATION                           )  HOMEOWNERS ASSOCIATION'S
                                          )  DEMURRER TO PLAINTIFF'S
16         Defendant(s).                  )  COMPLAINT
                                          )
17                                        )  DATE:     June 9, 2010
                                          )  TIME:     10:00 a.m.
18  _____  )  DEPT:     C-22

19                                           Complaint Filed: 03/15/10

20

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22       The Demurrer of defendants, STEVE D. PRICE and 2176 PACIFIC

23  HOMEOWNERS ASSOCIATION, to plaintiff's Complaint was heard on June 9, 2010, at

24  10:00 a.m., in Department "C-22" of the above referenced court. All appearances are

25  noted on the record.

26       After full consideration of the evidence and the Points and Authorities submitted

27  by the parties the Court sustains defendants' Demurrer without leave to amend.

28  Plaintiff's Complaint has not stated facts sufficient to constitute a cause of action, and

SICO-024536302b.1                        1

[PROPOSED] JUDGMENT

1    there is no way to fix the Complaint.

2        IT IS ORDERED ADJUDGED AND DECREED that Plaintiff Yan sui take

3    nothing by way of his Complaint against defendants, Steve D. Price and 2176 Pacific

4    Homeowners Association and that judgment be entered in favor of Steve D. Price and

5    2176 Pacific Homeowners Association and against plaintiff, Yan Sui.

6        **IT IS FURTHER ORDERED THAT THE ENTIRE ACTION BE**

7    **DISMISSED WITH PREJUDICE.**

8

9    Dated: ____SEP 0 1 2010____                    _Sheila Fell_
                                              JUDGE OF THE SUPERIOR COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SICO-0245/563026.1                                    2
                              [~~PROPOSED~~] JUDGMENT

Exhibit "5"
Page 20

1

PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1851 East 1st Street, Suite 810, Santa Ana, California 92705.

4

5

On August 11, 2010, I served the foregoing document described as:

6

PROPOSED] JUDGMENT RE: DEFENDANTS STEVE D. PRICE AND 2176 PACIFIC HOMEOWNERS ASSOCIATION'S DEMURRER TO PLAINTIFF'S COMPLAINT

7

8

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

9

SEE ATTACHED MAILING LIST

10

[X] (BY MAIL)

11

[ ]    I deposited such envelope in the mail at Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

12

[X]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

[ ] (BY OVERNITE EXPRESS)

16

I deposited said document in an Overnite Express envelope in an Overnite Express receptacle at Santa Ana, California. The envelope was so deposited prior to the last scheduled pick up by Overnite Express, with postage arranged for billing by Overnite Express to this office pursuant to this office's account with said carrier.

17

18

[ ] (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

19

20

[X] (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

[ ]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

Executed on August 11, 2010 at Santa Ana, California.

24

_____
LORRAINE GALLO

25

26

27

28

SICO-0245\561026.1                          3
                        [PROPOSED] JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>SERVICE LIST</u>

<u>SUI vs. PRICE, et al.</u>
OCSC Case Number:30-2010-00353446

YAN SUI
2176 Pacific Avenue, Suite C
Costa Mesa, CA 92627
T:  949-645-5292
*Plaintiff in Pro Per*

SICO-02451563026.1                                    4

[PROPOSED] JUDGMENT

**Exhibit "5"**
**Page 22**

Exhibit "6"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Stephen D. Price;2176 Pacific Homeowners Association~et~al *Does 1 through 30*

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Yan Sui, et al *does 1 through 30 ys.*

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td><strong>FILED</strong><br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>MAR 15 2010<br><br>ALAN CARLSON, Clerk of the Court<br><br>BY: S.HERRERA-WILSON, DEPUTY</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: <br>(El nombre y dirección de la corte es): SUPERIOR COURT OF CALIFORNIA<br>County of Orange,Central Justice Center.700 Civic Center Dr. West<br>Santa Ana,CA92701 | CASE NUMBER<br>(Número de Caso):<br>00353446<br><br>JUDGE SHEILA FELL<br>DEPT. C22 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Yan Sui, et al 2176 Pacific Ave.#C,Costa Mesa CA92701; Tel:949-645-5292

| | | |
|---|---|---|
| DATE: March 15, 2010<br>(Fecha) MAR 15 2010 | ALAN CARLSON | Clerk, by SONYA HERRERA-WILSON , Deputy<br>(Secretario)    (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)        [ ] CCP 416.90 (authorized person)
[ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit "6"**
**Page 23**

Yan Sui
2176 Pacific Ave. #C
Costa Mesa CA92627
Tel: 949-645-5292
Email:dancalm@sbcglobal.net
Plaintiff in pro per

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 1 5 2010

ALAN CARLSON, Clerk of the Court

BY: S. HERRERA-WILSON, DEPUTY

30-2010

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

0 0 3 5 3 4 4 6

JUDGE SHEILA FELL
DEPT. C22

YAN SUI, et al YS                     )    UNLIMITED CIVIL COMPLAINT
                                      )
        Plaintiff,                    )    1. FRAUD;
                                      )    2. BREACH OF CONTRACT;
        v.s                           )    3. CONSPIRACY TO DEFRAUD;
                                      )    4. TRESPASSING;
Stephen D. Price,                     )    5. INTENTIONAL INFLICTION OF
                                      )        EMOTIONAL DISTRESS;
2176 Pacific Homeowners Association   )    6. VIOLATION OF DUE PROCESS;
        et al                         )    7. CONVERSION;
                                      )    8. LIBEL OF CHARACTER;
        Defendants                    )    9. DECLARATORY RELIEF;
                                      )    10. REMEDY FOR NON-ECONOMIC
        Does 1 through 20             )        DAMAGES
                                      )    JURY TRIAL DEMANDED

## PRELIMINARY ALLEGATIONS

1.   Plaintiff YAN SUI ("Plaintiff" or "Sui") is and at all times mentioned herein was an individual who co-owns the property located at 2176 Pacific Ave. #C Costa Mesa CA92627, County of Orange, State of California.

2.   Plaintiff is informed and believes and thereon alleges that defendant – Stephen D. Price ("Price") is and at all times mentioned herein was the president of 2176 Pacific Homeowners Association.

3.   Plaintiff is informed and believes and thereon alleges that defendant- 2176 Pacific Homeowners Association ("Assn") is and at all times mentioned herein was a non-profit mutual benefits corporation in the State of California, located at 2176 Pacific Ave,Costa

UNLIMITED CIVIL COMPLAINT

Exhibit "6"
Page 24

1   Mesa with its principal office at 2231 Pacific Ave. Costa Mesa. (CC&R's attached)

2       4. Defendants, inclusive, are sued herein under fictitious names. Their true names and

3   capacities are unknown to Plaintiff. If their true names differ from the fictitious names,

4   Plaintiff will amend this complaint by inserting their true names herein. Plaintiff is informed

5   and believes and thereon alleges that each of the fictitiously named defendants is responsible

6   in some manner for the occurrences herein alleged, and that Plaintiff's – including those of

7   his direct family members' damages herein alleged were proximately caused by those defen-

8   dants. Each reference in this complaint to "Defendant" or to the specifically named defen-

    dants refers also to defendants sued under such fictitious names.

9       5. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,

10   each of the names or fictitiously designated defendants was the agent, servant, subsidiary,

11   affiliates, successor-in-interest, real party in interest, coconspirator, abider, abetter and/or

12   other representative of each of the other defendants specifically names in this paragraph, and

13   was acting in such capacity in doing the things herein complained of and alleged.

14
                        STATEMENT OF THE FACTS
15
        6. Plaintiff has been driving a 1987 Mitsubishi 7-passenger van from 1995 – 2003 until
16
    the engine broke down. The van has been parked in our exclusive parking space between
17
    units C & D from 2003 to Feb. 2007. The van's window curtain was on, a sunshade was put
18
    behind the windshield, and backdoor windshield was on as well to protect the privacy. All
19
    windows are tightly shut, doors were tightly shut and locked. This van is registered under my
20
    wife – Pei-yu Yang's name. Plaintiff was the primary driver. During our eight years'
21
    ownership, Plaintiff had been driving the whole family, including three young children to
22
    amusement park, sight-seeing, visiting tourist cities like San Diego, San Francisco, Las
23
    Vegas and Yosemite. This van was also the commuter vehicle to send children to school in
24
    the early morning and pick them up from school after school. Plaintiff sent the kids to play in
25
    the local parks with this van. Later, Plaintiff used this van as a delivery tool for the printing
26
    brokerage business. It was during those eight years, that Plaintiff, together with wife, earned
27
    enough deposit to buy a house at the current location, realizing the "American dream."
28
        This van was our fortune and has become part of our life, especially for the kids. When

    this van was out of commission, Plaintiff bought another 1988 Mitsubishi 7-passenger van

                                    2
                        UNLIMITED CIVIL COMPLAINT

Exhibit "6"
Page 25

1   with different color. Plaintiff wanted to keep the happy memory of the kids for the van alive.

2   When the 1988 Mitsubishi 7-passenger van with totaled in a car accident in 2006, Plaintiff

3   asked a local shop – South County Auto in Huntington Beach to remove the engine from it

4   and installed into another 1989 Mitsubishi van owned by the owner.

5       Plaintiff, including the whole family, the kids had developed strong bond with the 1987

6   Mitsubishi van. It is part of our family, just like some people with their pets.

7       From 2005 to 2006, Michelle J. Matteau had been parked her boat in her parking space

8   between units B & C. Her then tenants parked their car behind the boat. That was in violation

9   of the Assn. CC&Rs. That blocked Plaintiff's car from in and out of the garage. Plaintiff

10  complained to the then president of the Assn. - Sean Wiggins and asked him to notify Miche-
    lle to remove the boat. Michelle removed her boat to park at 2231 Pacific Ave. Costa Mesa.

11      In late 2006, Price initiated the amendment of the parking rule assisted by the law firm of

12  Harkins. Price circulated the email among all homeowners, with the proposed amended

13  parking rules as attachment. Plaintiff obtained such a attachment and found out that Price

14  primarily amended two provisions: 1) parking in front of the garage is permissible; 2)
    disabled vehicle, inoperable vehicle prohibited.

15      Plaintiff believed that Price was using his power as president of the Assn. to exercise

16  personal retaliation. Plaintiff has sent Price several email, contesting his true intention and

17  motivation. His denied his intention to retaliate against Plaintiff. In about Dec. 2006, Price

18  circulated an email among all homeowners that the amended parking rule had been approved

19  by a majority of votes and "immediately effective."

20      Plaintiff asserted his opposition and indicated to challenge such amendment at the court of

21  law. Plaintiff requested to view the voting record, Price refused to provide, claiming that

22  Plaintiff was not a board member and not eligible to view the record.

23      Defendants' claim that the amended parking rule was "immediately effective" was false

24  and against the law, because the amended parking rule was not recorded with the county yet.

25      According to the Davis-Stirling Act section 1355(b) cited by the case law of *Villa De Las*

26  *Palmas Homeowners Assn* (2004) 33 Cal. 4th 73, the amendment will not be effective until it
    is recorded with the county.

27      One day in Jan. 2007, Price personally walked onto Plaintiff's exclusive parking space,

28  without invitation and placed a warning sticker on the back windshield of the van. Plaintiff

---
3
---

UNLIMITED CIVIL COMPLAINT

Exhibit "6"
Page 26

1    walked out to confront him and warned him not to touch Plaintiff's property. Price replied: "

2    I am not touching it" and left Plaintiff's parking space. On the sticker, the warning stated

3    in pertinent part, the contents of which was not clear: "Your vehicle was in violation of the

4    parking rule and you shall tow it away in X days. If XXX fail to do so, XXX will tow it

     away."

5        One day in Feb. 2007, Plaintiff was having a fever and taking a nap. One of my children

6    warned Plaintiff that "their towing truck was here to tow our van."

7        Plaintiff went out to the parking space, and observed an towing truck with the logo "South

8    Coast Towing" parked next to our van. I asked the operator what he wanted to do. He told me

9    that he was towing away the van at the association's request.

10       At that time, Plaintiff observed Price and Michelle were standing on the exit of the drive-

11   way to the Pacific Ave., watching from a distance with a smile on their face. Plaintiff also

12   saw these individuals talked to the passersby.

13       Plaintiff told the operator that Plaintiff was protesting this towing. Plaintiff was asking the

14   operator if he could come back the next day so that Plaintiff could arrange for storage for the

15   items in the van, he refused. Plaintiff had to ask Pei-yu Yang out to remove the items. Plain-

16   tiff mentioned, if they were legally allowed to tow away the van, they should donate the van

     for charity purposes.

17       During this process, these two individuals came close about 10 feet to the van. There was

18   an old lady from 2174 Pacific Ave. also came over to chat happily with these two individuals.

19   The smiles on these two individuals are both pathetic and vicious.

20       Our two kids, heart-broken to see the van being towed away, they made some protesting

21   signs on a cardboard and waved to these people. The signs asked these people to "get a life."

22   My wife asked them to use their energy to make some babies. Plaintiff had been controlling

23   the anger. During this time, these two individuals apparently called a police officer to the

     scene to strengthen their authority to tow away the van.

24       Plaintiff believed there would be some solutions legally. Plaintiff avoided to escalate the

25   confrontation by controlling the anger. These individuals used their position at the Assn. to

26   humiliate Plaintiff for his inability to protect his personal property. Our kids were saddened

27   by the removal of the van and asked Plaintiff why these people towed away our van. Plaintiff

28   could not give them an answer.

───────────────────────── 4 ─────────────────────────

UNLIMITED CIVIL COMPLAINT

**Exhibit "6"
Page 27**

About two months later, Plaintiff received a bill from some collection agency, charging my wife around $1,700.00. Recently, Plaintiff and wife tried to refinance the house and were denied. Pei-yu Yang's application for credit card was denied as well.

We requested the credit report from one of the mortgage broker. The report showed a debt against Pei-yu Yang in the amount of approx. $2,000. That is an "open collection account" from May of 2007.

Recently, Plaintiff insisted to view to voting records to amend the parking rule, Price claimed that the parking rule was not amended. Price further claimed that no amendment was necessary in order to tow away our van.

7. Plaintiff alleges Defendants intentionally engaged in wrongful and despicable conduct with the conscious disregard of Plaintiff's rights and with the intention to injure Plaintiff. Defendants did cause injury to Plaintiff and his family, including two minor kids as allege herein. Defendants' willful misconduct, in total disregard of the governing law, meant to retaliate, humiliate Plaintiff. The wrongful acts of defendants as herein alleged constitute oppression, fraud, or malice under California Civil Code section 1572, entitling Plaintiff and his family to punitive damages in an amount appropriate to punish or deter defendants from committing wrongs and make an example of defendants.

## FIRST CAUSE OF ACTION

(Fraud – Against Individual Defendants)

8. Plaintiff repeats and incorporates herein by this reference paragraphs 1 through 7, inclusive, as if fully set forth herein.

9. Plaintiff is informed and believes and thereon alleges that for over four (4) years, our van had been parked in the exclusive parking space as a memory of the good times our family had. The van did not cause harm to anybody. Defendants committed the fraudulent act to purportedly amend the parking rule in the dark-box operation in order to tow away our van. Defendants refuse to provide the voting record to Plaintiff, but claimed the amended rule "immediately effective." This constitutes fraud according to California Civil Code section 1571 and case law of *Vega v. Jones, Day, Reavis & Pogue* (2004) 121 Cal. App.4th 282.

Appellate Justice Boland opined: "With these principles in mind, we turn to the elements of fraud, which are: "(1) representation; (2)falsity; (3) knowledge of falsity; (4)intent to

5

UNLIMITED CIVIL COMPLAINT

deceive; and (5) reliance and resulting damages (causation)."

In the matter of defendants' amending the parking rule with the purpose to tow away our van, defendants' conduct fits the above five elements squarely. Defendants' caused injury to Plaintiff's property according to California Civil Code sect. 27 which provides:

An injury is of two kinds: 1. To the person; and, 2. to property.

California Civil Code section 28 further provides:

An injury to property consists in depriving its owner of the benefits of it,

Which is done by taking, withholding, deteriorating, or destroying it.

Defendants' rationale to tow away our van is as easy as a quick flip-flop of the coin at his will.

## SECOND CAUSE OF ACTION
(Breach of Contract – Against All Defendants)

10. Plaintiff repeats and incorporates herein by this reference paragraphs 1 through 9, inclusive, as if fully set forth herein.

11. Plaintiff is informed and believes and thereon alleges that Defendants' towing away our van was wrongful, discriminative and breached the contract between Plaintiff and Defendants. According to the case law of *Arias v. Katella Townhome Homeowners Assn.* (2005) 127 Cal. App.4th 847, a violation of the Assn CC&Rs constitutes the breach of contract because "A contract is an agreement to do or not to do a certain thing. *California Civil Code section 1549.*"

2176 Pacific Homeowners Assn. CC&R's Art. VI, Section 3 "Association Rules" provides:

That the Association Rules may not discriminate among Owners, and

shall not be inconsistent with this Declaration, the Articles or Bylaws.

Defendants undoubtedly violated this "no-discriminate" provision by amending the parking rule, specifically targeted at Plaintiff's van because other owners did not have a disabled vehicle at that time. This amendment was taylor-made for Plaintiff's van.

These individuals breached the contract by violating Assn. CC&R. Art. VI – DUTIES AND POWERS OF THE ASSOCIATION Section 1 – "General Duties and Powers" provides in pertinent part:

---

6

UNLIMITED CIVIL COMPLAINT

Exhibit "6"
Page 29

"In addition to the duties and powers enumerated in its Articles and Bylaws, or elsewhere provided for herein, and without limiting the generality thereof, the duties and powers of the board shall normally include, but shall not be limited, to the following: (a) Enforce the provisions of this Declaration, the Articles, Bylaws, Association Rules, and other instruments for the ownership, management and control of the Covered Property by appropriate means..."

Defendants also violated 2176 Pacific Homeowners Assn. CC&R's Art. XI, Section 5 by permitting parking in front of garage doors through the purported amendment. The purported amended parking policy is void because it was not recorded with the county according to the case law of *Villa De Las Palmas HOA v. Terifaj* (2004) 33 Cal. 4th 73. The Supreme Court Justice Moreno opined: "This conclusion follows from the plain language of section 1355(b), which provides in part: 'For purposes of this subdivision, an amendment is only *effective* after ...(3) the amendment has been recorded in each county in which a portion of the common interest development is located.' (Italics added.)"

Such an amendment is illegal because it violated the case law of *Ekstrom v. Marquesa At Monarch Beach Homeowners Assn.*(2008) 168 Cal. App. 4th 1111. Appellate Justice O'Leary opined: "We disagree the new rules are entitled to judicial deference under *Lamden.* As with the Board's prior policy that palm trees are exempt from the CC&R's, the new rules are in direct conflict with the CC&R's. Also, Justice O'Leary opined: " The business judgment-judicial deference rule did not apply to acts beyond the authority of the Board."

### THIRD CAUSE OF ACTION

(Conspiracy to Defraud – Against All Defendants)

12. Plaintiff repeats and incorporates herein by this reference paragraphs 1 through 11, inclusive, as if fully set forth herein.

13. Plaintiff is informed and believes and thereon alleges that Defendants' fraudulent amendment to the parking rule in order to tow away our van constitutes conspiracy to defraud according to the case law of *Rusheen v. Cohen* (2006) 37 Cal. App. 4th 1048. The Appellate Justice opined: The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design. (*Doctors' Co. v. Superior Court* (1989) 49 Cal. 3d 39, 44 [260 Cal. Rptr. 183, 775 P.2d 508].)

7

UNLIMITED CIVIL COMPLAINT

Exhibit "6"
Page 30

In the matter of towing away our van, defendants conspired with its agent – South Coast Towing to forge an authorization to tow away our van – the amended parking rule, towed away our van and thus caused injury to our property and caused mental distress to our whole family with the loss of the enjoyment of the presence of the van. Their towing is illegal and wrongful without proper cause. Their mere motivation was to retaliate. Then, defendants and/or their agent tried to defraud us by demanding money after taking our property. When we refused to pay, they falsely lodged that as a debt against Plaintiff's wife – Pei-yu Yang with a credit report agency.

Defendants' wrongful conduct is similar to the conduct of the defendants in the case law of *Kesmodel v. Rand* (2004) 119 Cal.App.4th 1128.

In the within case, Defendants falsely accused Plaintiff's van is a hazard; falsely accused Plaintiff violated the invalid and ineffective parking rule; fraudulently claimed the amended parking rule was "immediately effective," summoned the towing truck and towed the van away under our protest.

Defendants violated Plaintiff's interest for which the Assn is set up to protect.

Defendants' conduct is despicable and subject themselves to civil liabilities according to the case law of *Kesmodel v. Rand* (2004) 119 Cal.App.4th 1128, which ruled: "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in Its perpetration. (*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 784 [157 Cal. Rptr.392, 598 P.2d 45].) By participation in a civil conspiracy, a coconspirator effect-tively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy. In this way, a coconspirator incurs tort liability co-equal with the immediate tortfeasors. Liability may also be imposed on one who aids and abets the commission of an intentional tort if the person(s) knows the other's conduct constitutes a breach of duty and give substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortuous result and the person's own conduct, separately considered, constitutes a breach of duty to the third person."

Price is the conspirator. Coconspirators will be properly identified through discovery. Plaintiff will name them as defendants to this action.

8

UNLIMITED CIVIL COMPLAINT

## FOURTH CAUSE OF ACTION

(Trespassing – Against All Defendants)

14. Plaintiff repeats and incorporates herein by this reference paragraphs 1 through 13, inclusive, as if fully set forth herein.

15. Plaintiff is informed and believes and thereon alleges that Defendants' fraudulent amendment to the parking rule in order to tow away our van constitutes trespassing onto Plaintiff's property according to the case law of *Ritter & Ritter v. The Churchhill Condominium Assn.* (2008) Cal. App. 4th [No.B187840. Second Dist. Div. Eight. July 22, 2008] and case law of *Spinks v. Equity Residential Briarwood Apartments* (2009) Cal. App. 4th 1004.

According to the case law of *Ritter*, the exclusive parking space between units C & D belongs to unit C. It was explained to us by the real estate agent when we purchased the house nine years ago. It was confirmed by the CC&R of 2176 Pacific HOA.

In the *Ritter* case, Appellate Justice Cooper opine: " Unless the governing documents provide otherwise, the common area of a condominium project is owned by the owners of the separate interests as tenants in common." This opinion is in harmony with Davis-Stirling Act. Section 1351(k)(1) which provides:

"Planned development" means a development (other than a community
apartment project, a condominium project, or a stock cooperative)
having either or both of the following features:
(1) The common area is owned either by an association or in common
by the owners of the separate interests who possess appurtenant
rights to the beneficial use and enjoyment of the common area.

This contention was also affirmed by the case law of *Mount Olympus Property Owners Ass'n v. Shpirt* (1997) 59 Cal. App.4[th] 885 which recites the verbatim of Civil Code section 1351, subd.(k)(1).

Since Plaintiff possesses the exclusive parking space between units C & D according to the statutory and case law, Assn's forceful and unlawful towing away our van from that space constitutes a trespassing according to the case law of *Spinks v. Equity Residential Briarwood Apartments* (2009) 171 Cal. App.4[th] 1004. Although 2176 Pacific HOA does not involve apartment, however, 2176 Pacific HOA qualifies as a landlord according to the case law of *James F. O'Toole Co., Inc. v. LA Kingsbury Court Owners Assn.* (2005), 126 Cal.

9

UNLIMITED CIVIL COMPLAINT

Exhibit "6"
Page 32

App.4th 549, Appellate Justice Vogel opined: "The relationship between individual home-
owners and the managing association of a common interest development is complex (*Lamden
v. La Jolla Shore Clubdominium Homeowners Assn.* (1999) 21 Cal. Cal. 4th 249, 266 [87 Cal.
Rptr. 2d 237, 980 P.2d 940]0, and their respective rights depend upon the nature of the
particular dispute. Some years ago, in *Duffey v. Superior Court* (1992) 3 Cal. App.4th 425,
428-429 [4 Cal. Rptr.2d 334], the court observed that associations were sometimes treated as
landlords (*Francis T. v. Village Green Owners Assn.* (1986) 42 Cal. 3d 490, 499-501 [229
Cal. Rptr. 456, 723 P.2d 573] [association could be held liable for rape and robbery of
individual owner who was not allowed to install additional lighting at time of crime wave])

  The defendants committed trespassing according to the case law of *Spinks* case, in which
the Appellate Justice McAdams opined: " 'The essence of the cause of action for trespass is
an unauthorized entry onto the land of another. Such invasion are characterized as intentional
torts, regardless of the actor's motivation' (*Civic Western Corp. v. Zila Industries, Inc.*(1977)
66 Cal. App.3<sup>d</sup> 1, 16 [135 Cal. Rptr.915].)

### FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress – Against All Defendants)

  16. Plaintiff repeats and incorporates herein by this reference paragraphs 1 through 15,
inclusive, as if fully set forth herein.

  17. Plaintiff is informed and believes and thereon alleges that Defendants' fraudulent
amendment to the parking rule in order to tow away our van constitutes intentional infliction
of emotional distress according to the case law of *Coon v. Joseph* (1987) 192 Cal. App. 3d
1269. In the *Coon* case, the Appellate Justice Scott opined: "Intentional infliction of emo-
tional distress requires conduct which is especially calculated to cause and does cause the
claimant mental distress of a very serious nature."

  According to the case law of *Spinks v. Equity Residential Briarwood Apartments* (2009)
171 Cal. App. 4th 1004, Defendants intentionally inflicted emotional distress upon our whole
family. In the *Spinks* case, Appellate Justice McAdams opined: "The elements of the tort of
intentional infliction of emotional distress are (1) extreme and outrageous conduct by the
defendant; (2) extreme or severe emotional distress to the plaintiff; and (3) actual and
proximate causation between the two. (*Potter v. Firestone Tire & Rubber Co.*, supra, 6

10

UNLIMITED CIVIL COMPLAINT

Exhibit "6"
Page 33